HENRY T. GREEN, *as Adm'r*, v. JACOB McMURTRY.

1. SERVICE OF ORIGINAL PROCESS, *After Death of Plaintiff, void.* J. attempted to commence an action against M., in the district court. He filed a petition, a precipe, an affidavit for an order of attachment, and an undertaking, and the clerk issued thereon, a summons and an order of attachment; but before either the summons or the order of attachment was served, J. died. After J.'s death both of these writs were served, and under the order of attachment the sheriff seized some of M.'s property. *Held,* That such service was irregular and void.

2. IRREGULAR REVIVOR; *Void Proceedings.* Afterward G., who was J.'s counsel at the time of his death, and who was then administrator of J.'s estate, drew up a new petition, entitling it, "G., administrator of the estate of J., deceased, plaintiff, v. M., defendant," setting forth therein the same cause of action which had previously been set forth in the petition in the case of J. v. M. The attorney for M., by an indorsement on the back of this petition, waived "summons" therein. G. then filed this petition in the original case of J. v. M. *Held,* That this was irregular; that said waiver was only a waiver of a summons in a new action, and was not a revivor of the old action, nor an authority for such a revivor.

3. PROCEEDINGS, IRREGULAR BY REASON OF PLAINTIFF'S DEATH, *May be Set Aside on Motion of Aggrieved Party.* Where irregular proceedings are had in a case, after the death of the plaintiff, and before the action is revived in the name of the proper legal representatives, any person, interested adversely to such proceedings, may have the same set aside and annulled, by a motion made to the court, upon proper notice being given to those who are responsible for such irregular proceedings, and are interested therein.

*Error from Leavenworth District Court.*

ALL necessary facts and proceedings are stated in the sub-joined opinion. The order of the district court appealed from, was made on the 6th of July 1875. *Green* brings the case here on error.

*H. T. Green*, plaintiff in error, for himself.
*Pendery & Goddard*, for defendant.

The opinion of the court was delivered by

VALENTINE, J.: On May 26th 1875, Theodore Jones attempted to commence an action against Jacob McMurtry, in the district court of Leavenworth county. He filed a petition, a precipe, an affidavit for an order of attachment, and an undertaking; and the clerk issued thereon a summons and an order of attachment, but before either the summons or the order of attachment was served, Jones died. After Jones's death, both of these writs were served, and under the order of attachment the sheriff seized some of McMurtry's property. After service, but before it was known either by Jones's counsel, or by McMurtry, that Jones was dead, some other proceedings were had in the case, in the name of Jones. Afterward, Henry T. Green, (who was Jones's counsel at the time of his death, and who was then administrator of Jones's estate, drew up a new petition entitling it: "Henry T. Green, administrator of the estate of Theodore Jones, deceased, plaintiff, v. Jacob McMurtry, defendant." He set forth in his petition the same cause of action which had been previously set forth in the petition in the case of Jones v. McMurtry. But this petition did not purport to be a petition, or an amended petition, in the case of Jones v. McMurtry. It had the appearance of being an original petition in a new case. Pendery & Goddard made the following indorsement thereon: .

"We hereby waive the issuing of a summons in the *within entitled cause*, and enter the appearance of the defendant J.

*Statement of the case.*

P. McMurtry, and agree to file our pleas or orders, demurrer or answer, within twenty days from the filing hereof, with the clerk of the district court.        PENDERY & GODDARD,
        "Attorneys for J. P. McMurtry, defendant."

On the same day, to-wit, 24th June 1875, Green filed said new petition in the case of Jones v. McMurtry. Also, on the same day, Pendery & Goddard as attorneys for McMurtry filed two motions in the case of Jones v. McMurtry. The first was to set aside and annul all proceedings in said case of Jones v. McMurtry, because said summons and said order of attachment were not served until after Jones's death. The second was to strike from the files of said case of Jones v. McMurtry said new petition, because it was improperly filed in that case, and because it was a new and original petition, belonging to a new, distinct, and original case. Also, on the same day, McMurtry gave notice to Green that he would take certain depositions, which depositions were afterward taken and read on the hearing of said motions. The court below sustained both of said motions. Green then presented to the court his letters of administration on the estate of said Jones, and moved the court to revive the action of Jones v. McMurtry in the name of Green as administrator of the estate. The defendant objected to the hearing of the motion, on the ground that no written notice thereof had ever been given to him, and the court sustained the objection, and ordered that the administrator give such notice. Green then as administrator of said estate brought the case to this court.

By what authority Green brings the case to this court, he has not informed us. He is not a party to the action. The action has never been revived in his name, and the court below has never refused to revive it. The question of revivor is still pending undisposed of in the court below. The action still stands in that court in the name of Jones; and Green is no more a party thereto than any other person is. Whether the action will ever be revived, and in whose name it may eventually be revived, are

Revivor of of actions.

questions still undetermined. But passing over this question, did the court below commit any error, requiring a reversal of any of its rulings by this court on the petition in error now presented to us? We think not. Said action was for the recovery of money only. It was attempted to be commenced on 26th of May 1875. On the same day the plaintiff, Jones, died. After his death, and before the return-day of the summons and the order of attachment, which was June 5th, said summons and order were served — the sheriff taking certain property in attachment. On the 3d of June the court made some orders with regard to the attached property — it not then being known that Jones was dead. On the 21st of June Green was appointed administrator. On the 24th of June said new petition was drawn up, indorsed and filed, plaintiff's death was suggested, defendant's said motions were filed, and said notice to take depositions was given. On the 26th of June said depositions were taken. On the 6th of July said motions of the defendant were heard and sustained, and said attached property discharged. On the same day the administrator's said motion to revive the action in his own name was made, and postponed for the purpose of giving the defendant written notice thereof. Many of these proceedings were of course irregular and void. When Jones died, all the proceedings should have been stayed until the action was revived in the name of the administrator. But this was not done. The sheriff, not knowing of Jones's death, served the papers he had in his hands, and attached the defendant's property. And the defendant had no adequate remedy to avoid these irregular proceedings except the one he pursued. He could not replevy the property, for it was already in the custody of the law, having been taken by a "process" issued against him. (Gen. Stat. 661, § 177, subdiv. 4; *McGlothlin v. Madden*, 16 Kas. 466.) He could not give notice to Jones of his motions to set aside the proceedings and to discharge the attachment and the attached property, for Jones was dead. And it would have been unfair to require him to wait until the action should be

revived, for it might never be revived, *and all the wrongs done, were committed after Jones's death, and not before, and not by Jones.* And as all these wrongs were committed after Jones's death, and not by him, it would seem fair to allow the defendant to give notice to those only who committed the wrongs, to those who were responsible therefor,

Irregular proceedings, set aside on motion of aggrieved party.

and to those who were interested therein; and then, by motion have these wrongs corrected; that is, allow the defendant to give said notice, and then have the case placed back just where it was when Jones died. The fact that the defendant was not legally served with summons, and the fact that he was not legally and technically a party to the action, would not deprive him of the privilege of making such a motion. Any person interested in a suit may make a motion with reference to his interest, whether he is legally and technically a party thereto or not. (Gen. Stat. 734, § 32; *White-Crow v. White-Wing*, 3 Kas. 276, 280; *Harrison v. Andrews*, 18 Kas. 537; *Branner v. Chapman*, 11 Kas. 118; *Foreman v. Carter*, 9 Kas. 674.) It would seem from the record in this case that Green, the former counsel of Jones, Green the administrator of Jones's estate, and the sheriff who served said writs and who held said attached property, were present and had notice of the hearing of said motions. Green, the administrator of Jones's estate, is however the only one that is now complaining of the action of the court below.

We suppose there can be no doubt as to the invalidity of the service of said writs after Jones' death. There must always be two parties to a lawsuit—a plaintiff, and a de-

Service of original process. After death of plaintiff.

fendant. No action can exist without such parties. A plaintiff voluntarily makes himself such by commencing the action. A defendant, unless he voluntarily appears, can be made such party only by the service of a summons upon him; and until the service of the summons, no action exists. The service is a jurisdictional matter. But suppose before any defendant is created, the plaintiff dies: then can a defendant be created with no plain-

tiff in existence? Can there be a defendant in an action without a plaintiff? Such a thing would seem to be absurd. When the plaintiff in a contemplated action dies, the power to make a defendant in that action dies with him. And any attempt to make a defendant in that action — *in that plaintiff's action* — is futile and ridiculous. This case is different from any of the cases mentioned by the plaintiff in error. In some cases, *after jurisdiction has been obtained,* and some particular proceeding has been commenced before the death of either party, such particular proceeding may be carried on to completion after the death of one or both of the parties, the whole thing relating back to the time of the commencement of the proceeding. This is illustrated by sale of property on execution after the death of one of the parties, where the property was levied on under such execution before such death. Also in some cases where the proceeding is a mere formal matter, like the rendering of a judgment after death on a verdict found before death, the proceeding may be had after such death. But even these cases have their exceptions and limitations. And we know of no case where it has been held that a defendant may be made to an action where there is, at the time, no plaintiff.

Of course the filing of said new petition in the old action of Jones v. McMurtry was irregular. Nothing that the defendant or his counsel had done authorized it. The defendant's counsel merely waived "summons" in the new action which they supposed was about to be commenced; and did not waive a revivor in the old action. Nor did they even authorize such a revivor. They of course knew that it did not require a "summons" to *revive* an action. But when they observed that this new petition had been filed in the old action, they immediately, and on the same day on which they waived summons, and on which such petition was filed in *the old* action, made a motion to strike it from the files of such old action, and also gave notice that they would take depositions, which depositions they afterward read on the hearing of said motion.

Perceiving no substantial error committed against the plaintiff in error, the order and decision of the court below must be affirmed.

HORTON, C. J., concurring.

· BREWER, J., not sitting in the case.