Gillette v. Morrison.

JULIETTE B. GILLETTE, PLAINTIFF IN ERROR, v. F. C. MORRISON, ADMINISTRATOR, DEFENDANT IN ERROR.

1. **Judgment:** REVIVAL OF. The revival of a judgment is but a continuation of the original action. Where it is sought to revive an action upon the ground that the cause has abated by reason of the *death of the defendant*, the only questions at issue upon such motion are, *First*, the death of the defendant; *Second*, the substitution of the administrator and heirs of the estate. In that proceeding, if the cause of action survive, the court has no authority to inquire into the merits of the case.

2. ——: ——. The right to revive an action is not dependent on the discretion of the court or judge making the order, but, under the conditions and within the time limited by statute, is a matter of right.

3. ——: ——. An action pending against a deceased person at the time of his death, may, if the cause of action survive, be prosecuted to final judgment; and the executor, administrator, or heir may be admitted to defend the same.

ERROR to the district court for Otoe county. Tried below before POUND, J. The facts appear in the opinion.

*A. C. Ricketts*, for plaintiff in error, cited Civil Code, secs. 454, 455. *Gibson v. Carter*, 28 Georgia, 510. *Moore v. Hamilton*, 44 New York, 666.

*Thomas B. Stevenson* and *M. L. Hayward*, for defendant in error.

MAXWELL, J.

On the twenty-fifth day of January, 1870, I. P. Mumford executed and delivered to A. Heffley a promissory note of which the following is a copy:

"$844.77. Jan. 25th, 1870.

"Ten days after date, I promise to pay to the order of

A. Heffley, eight hundred and forty-four dollars and seventy-seven cents at the rate of 12 pr. ct. interest per annum, value received."

"(Signed) . I. P. Mumford."

To secure the payment of the note in question, Mumford and wife, at the time of the execution of the note, executed and delivered to Heffley a mortgage upon the south-west quarter of section nine, township eight, range thirteen, in Otoe county.

On the twenty-seventh day of January, 1870, Heffley endorsed the note in controversy and assigned the same, together with the mortgage, to the plaintiff herein.

In February, 1872, proceedings to foreclose the mortgage were instituted in the district court of Otoe county, and Mumford and wife and Heffley were made defendants, and were each personally served with summons. Afterwards the petition was amended and certain parties holding liens upon the land were made defendants. Mumford and wife answered the petition, alleging that they had made certain payments on the note and mortgage amounting to the sum of $61.87. While the action was pending in the district court Mumford died, and Logan Enyart was appointed administrator of his estate, and the cause was revived against the administrator and heirs of the estate.

In September, 1874, a decree for the sum of $1153.80 was rendered against the heirs of Mumford and A. Heffley. A sale was had of the mortgaged premises, and in March, 1875, judgment for a deficiency was rendered against Heffley for the sum of $947.17. At the September term of said court the judgment against Heffley on his motion was set aside and vacated.

In February, 1876, Heffley died, and Norman Heffley and C. W. Heffley were appointed administrators of his estate. In June, 1876, the plaintiff filed a motion to revive the action against the administrators. The ad-

ministrators, in answer to the motion to revive, allege "that there is no cause of action against them, and never was any cause of action against A. Heffley, deceased. That the judgment in this case is against the estate of I. P. Mumford, deceased, and a portion of such judgment, if not all, has been paid to the plaintiffs herein. These administrators aver that they have been administrators for about six months past of the estate of A. Heffley, deceased, who died February 17, 1876, that no such claim or judgment as is sought to be revived and enforced in this case has been proved or allowed in the probate court of Otoe county, Neb., or elsewhere, against the estate of A. Heffley, deceased," etc. The motion to revive the action was overruled, to reverse which the plaintiff brings the cause into this court by petition in error. Pending argument here, the cause by consent of parties was revived in the name of F. C. Morrison, administrator *de bonis non* of Heffley's estate.

Section 464 of the code provides that: "Upon the death of a defendant in an action, wherein the right, or any part thereof, survives against his personal representative, the revivor shall be against him; and it may be against the heirs or devisees of the defendant, or both, when the right of action, or any part thereof, survives against them."

Section 472 provides that: "If either or both parties die after judgment, and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the same manner as is prescribed for reviving actions before judgment; and such judgment may be rendered and execution awarded as might or ought to be given or awarded against the representatives, real or personal, or both, of said deceased party."

The revival of a judgment is but a continuation of the original action. *Irwin v. Nixon*, 11 Penn. St., 419.

*Eaton v. Hasty*, 6 Neb., 419. Herman on Executions, Sec. 79. *Wolf v. Pounsford*, 4 Ohio, 397.

At common law, after a year and a day a judgment is presumed to be satisfied or released, and therefore execution on it is not allowed without giving notice, by *scire facias* to the defendant to come in, and show if he can, by release or otherwise, why execution ought not to issue. 2 Bouvier's Law Dict. 499. In such case the only questions are payment, or release of the judgment. And where, under the statute, when it is sought to revive an action upon the ground that the cause has abated by reason of the *death of the defendant*, the only questions at issue upon the motion are, *First*, the death of the defendant; *Second*, the substitution of the administrator and heirs of the estate. In that proceeding, if the cause of action survive the court has no authority to inquire into the merits of the case. And where the application is in proper form, and made within the time prescribed by statute, the order must be granted as a matter of right.

In *Carter v. Jennings*, 24 Ohio State, 188, the court, in construing the statute from which our own is derived, say : "The right to revive an action under title 13, chapter one of the code, is not dependent on the discretion of the court or judge making the order, but, under the conditions and within the time therein limited, is a matter of right." The district court therefore erred in overruling the motion to revive.

It is claimed that the court has no jurisdiction. The record shows that Heffley was personally served with summons, and that judgment was rendered against him, which, on his motion, was set aside.

Section 228 of chapter 17, General Statutes, provides that: "All actions and suits which may be pending against a deceased person at the time of his death, may, if the cause of action survive, be prosecuted to final judgment;

and the executor or administrator may be admitted to defend the same, and if the judgment shall be rendered against the executor or administrator, the court in rendering it shall certify the same to the probate court, and the amount thereof shall be paid in the same manner as other claims duly allowed against the estate."

The jurisdiction of the court is clear and explicit, but as to the merits of the case we express no opinion. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.