WILLIAM S. HOUGHTON v. R. G. LANNON *et al.*

1. FILING BRIEF, *not a Consent to Revivor.* When the plaintiff in an action dies and his executors file a motion to revive said action more than one year after the time when the order might have been first made, and the defendant files his brief in said action, *held,* that filing said brief is not a consent to a revivor of the action.

2. ———— *Dismissal of Action.* When the plaintiff in an action dies and no steps are taken by his executors, or other person au-

thorized to do so, to revive said action until after the expiration of one year from the time the order might have been first made, and the defendant in such action has not consented that such action may be revived, but, on the contrary, moves the court to dismiss the action, *held*, that the action must be dismissed at the costs of the plaintiff.

MEMORANDUM.— Error from Cowley district court; M. G. TROUP, judge. Action by William S. Houghton against R. G. Lannon and A. V. Wilson, copartners as Lannon & Wilson. From an order discharging an attachment, plaintiff brings error. Opinion filed June 7, 1895.

The statement of the case, as made by DENNISON, J., is as follows:

This is an appeal from the decision of the court below, dissolving, vacating and discharging an attachment which had been procured by the plaintiff, Houghton, and also discharging the levy on said attachment as to the defendant, Wilson. The case is now before this court upon the motion of Allen V. Wilson, one of the defendants, to dismiss the appeal, which motion is as follows:

"State of Kansas. In the appellate court, southern department, central division. Appeal from district court, Cowley county. No. 7405. W. S. Houghton, plaintiff in error, *v.* R. G. Lannon and Allen V. Wilson, partners doing business under the firm name and style of Lannon & Wilson, defendants in error.

"*Motion to Dismiss Appeal.* Now comes the defendant in error, Allen V. Wilson, by Oliver M. Wilson, his attorney of record, and moves the court to dismiss the appeal in the above-entitled cause upon the grounds: (1) That said W. S. Houghton, plaintiff in error, departed this life in December, 1893, and, since the proceedings, order and judgment herein were had and said appeal taken; that more than one

year has elapsed since the death of said plaintiff in error, and that said action has not been revived within one year from the time an order therefor might have been first made ; (2) that one C. S. Houghton was made executor of the estate of the said W. S. Houghton, deceased, plaintiff in error, and has not revived said action in behalf of said estate within one year from the time the order to revive said action might have been first made. Wherefore, defendant in error, Allen V. Wilson, prays that said appeal and all proceedings therein be dismissed, and that he receive his costs.— ALLEN V. WILSON, defendant in error, by Oliver M. Wilson.''

( This motion was filed April 2, 1895.)

And also, upon the motion of C. S. Houghton and Henry Endicott, as executors of the plaintiff in error, W. S. Houghton, to revive this action in their name as said executors, which motion is as follows :

" In the Kansas court of appeals, southern department, central division. W. S. Houghton, plaintiff in error, *v.* R. G. Lannon *et al.*, defendants in error.

"*Motion to revive.* Come now C. S. Houghton and Henry Endicott, and move the court to revive this action in the name of said C. S. Houghton and Henry Endicott, as executors of the last will and testament of the plaintiff in error, W. S. Houghton, who died since the commencement of this action in the supreme court, and, as grounds therefor, say : (1) That since the commencement of this action, to wit, on or about the 3d day of January, 1894, the said W. S. Houghton died testate, and thereafter the said C. S. Houghton and Henry Endicott were duly appointed the executors of the said plaintiff in error and thereafter duly qualified, and as such are the legal representatives of the said plaintiff in error, and as such are entitled to prosecute this action in this court for the reversal of the judgment rendered by the district court of Cowley county, Kansas, against the said W. S. Houghton, as shown in the case-made attached to the petition in error herein filed ; (2) that the

said legal representatives are entitled to have this action revived, upon the consent of the said defendants in error, for the reason that since the death of the said plaintiff in error, and after the same was known to the defendants in error, the said defendants in error have, by their counsel, duly appeared in this court and have filed herein their brief, presenting this cause for the said defendants in error upon the merits, and have requested this court to sustain the judgment of the court below, and have thereby consented that the same may be heard and decided by this court; and, in order that the same may be fully heard and determined, have thereby consented that the same may be revived, so that final judgment may be rendered herein upon the merit of the controversy so submitted; (3) that said executors further show to the court that the said defendants in error have not caused the judgment to be revived in their favor against them as the legal representatives of the plaintiff in error in the district court of Cowley county, Kansas, but have duly appeared in this court, and are now here by their printed brief herein filed, submitting the controversy to this court upon its merits, for which reason the said executors aver that they are entitled to have this action revived without the formal consent of the said defendants in error, or either of them.— JOHN A. EATON, attorney for C. S. Houghton and Henry Endicott, executors of the last will and testament of W. S. Houghton, plaintiff in error."

The motion of said executors, and the affidavit of O. M. Wilson, attorney for the defendant in error, filed herein, show that the plaintiff in error, W. S. Houghton, died January 3, 1894. A certificate of the register of probate for the county of Suffolk, in the state of Massachusetts, shows that Henry Endicott and Clement S. Houghton, both of Boston, in said county, were appointed and qualified as executors of the last will and testament of William S. Houghton,

33—APP.

deceased, on the 1st day of February, 1894. Upon
these motions the following briefs have been sub-
mitted :

"In the Kansas court of appeals, southern depart-
ment, central division. No. 12. W. S. Houghton,
plaintiff in error, *v.* R. G. Lannon *et al.*, defendants
in error.

"*Brief of Plaintiff in Error.* Upon motion to dis-
miss and upon motion to revive : (1) We submit
that in this cause the defendants in error, having filed
their brief and presented the case upon its merits,
will be treated as having consented that this action
may be finally heard in this court and determined
upon its merits, and that such consent authorizes this
court to revive this action upon the plaintiff's motion,
and for the reasons therein stated. The act of filing
a brief presenting a case upon its merits is equivalent
to a trial of all the issues arising upon the petition in
error herein filed. It is all that is necessary to be
done in order for this court to fully determine all
matters in controversy ; and, having done so, we con-
tend that it is too late to make a motion to dismiss on
the ground that the action was not revived within the
time provided by the section of the code relating
thereto (viz., 4531), and that, upon the motion filed
herein by the plaintiff in error to revive this cause,
we are entitled to an order for such revivor, and a
full hearing of all matters presented in the briefs.
(2) The petition in error in this case is for the pur-
pose of reversing the judgment of the court in dis-
charging an attachment in the court below, and does
not embody, for the consideration of this court, the
issues in the main case, which have long since been
determined. And while it is conceded that more than
one year has elapsed since the appointment of the
executors of the plaintiff in error, we contend that
the defendants in error are not entitled to have this
action dismissed upon the sections of the code relating
thereto, for the reason that the same was not revived
within one year from the date that the order might
have been first made.

"The code provisions relating to revivor pertain especially to actions pending and judgments rendered in the district court, and do not with the same force relate to proceedings in error for the purpose of reversing judgments of the district court. Especially is this true when the action is of the character of the one at bar, seeking, as it does, to reverse the decision of the court in discharging an attachment. The proper parties being before this court, and the opportunity to determine it so as to bind the executors of the plaintiff in error, the action being one, as shown upon the face of the record, that survives to them, notwithstanding the statute, this court may fully hear and determine the same. (See Elliott, App. Proc., §§ 166, 167.) We hereby submit that the plaintiff in error is entitled to have this action revived in the name of the executors moving therefor herein, and for a full determination of the case.—JOHN A. EATON, attorney for C. S. Houghton, and Henry Endicott, executors of the last will and testament of W. S. Houghton, plaintiff in error.

"Service of brief acknowledged this 6th day of May, 1895.—MCDERMOTT & JOHNSON, attorneys for defendants in error."

(This brief was filed May 8, 1895.)

"Kansas court of appeals, southern department, central division, W. S. Houghton, plaintiff in error, v. R. G. Lannon et al., defendants in error.

"Memoranda of authorities in support of motion to dismiss appeal on motion of plaintiffs in error to revive : Under ¶ 4527, note 7, and note to ¶ 4530, top page 1444, also ¶ ¶ 4531, 4532 and 4533, this action cannot be revived, but must be dismissed. Counsel for plaintiff in error shows death of plaintiff in error to have occurred January 3, 1894. The motion to revive comes too late here. There has been no revival within one year in the court below. The appearance of counsel for defendant in error Wilson in this court by his brief on the merits of the action, is in nowise equivalent to a consent by the defendant that this action may be revived. The revival of an action

must be by petition or order of the court upon a proper showing, and it must be brought within the statutory period of one year. . It must also appear that the order of the court was with the consent of the defendant, if one year has elapsed; otherwise the proceeding must be on petition by summons. (¶ ¶ 4522, 4523–5.) See also 34 Kas. 563. Service under the present proceedings, petition and appeal, if made on defendant, would be irregular and void. 20 Kas. 189, 195. How then could his presence in this court by his counsel restore to the plaintiff in error any lost rights? The defendant, by complying with the rules of the supreme court and this court in serving his brief, does not thereby consent to waive any statutory right in this behalf. Nor can counsel for plaintiff in error come in at this late day, after service of briefs and when this action is ready for submission, and be heard to revive the action he has lost by failing to follow the law every day before him, and say 'because defendant in error has now filed his brief herein, he consents that I may have my action.' Counsel for defendant in error Wilson respectfully submits, therefore, that plaintiff in error's motion confesses the motion of defendant in error to dismiss this action under the statute above cited, and ¶ 4530 and authorities thereto cited, viz., 20 Kas. 189; 19 id. 19; 23 id. 182; 24 id. 234; 27 id. 474; 36 id. 457. Counsel for defendant in error Wilson further submits that the year having elapsed in this action since the death of plaintiff in error, and there having been no application filed to revive the same within the time, and even while pending the appeal in this court, it should be dismissed, and that the proper jurisdiction to have filed such application was the district court where judgment was rendered. For these reasons the action should be dismissed. Respectfully submitted. OLIVER M. WILSON, for defendant in error Wilson."

( This brief was filed May 8, 1895.)

*John A. Eaton,* for plaintiff in error.

*Oliver M. Wilson,* for defendant in error, Wilson.

The opinion of the court was delivered by

Dennison, J.: The counsel for the plaintiff contends that this action should be revived in the name of the executors, for the reason that Allen V. Wilson has appeared in this court by his counsel, and filed his brief herein. We think this contention is not well founded. The right to revive this action is clearly barred by § 434 of chapter 80, General Statutes of 1889, which reads as follows:

"Sec. 434. An order to revive an action, in the name of the representatives or successor of a plaintiff, may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made; but where the defendant shall also have died, or his powers have ceased in the meantime, the order of revivor, on both sides, may be made in the period limited in the last section."

It is clearly shown that the motion to revive was not made until after one year from the death of the plaintiff, W. S. Houghton, and the appointment and qualification of his executors, and from the time the order might have been first made. It also clearly appears that the defendant, Allen V. Wilson, is objecting to the revivor being made, and it nowhere appears that these defendants, or either of them, have given their consent to a revival of this action. For these reasons, the motion to revive will be overruled.

Section 435 of chapter 80 of the General Statutes of 1889, reads as follows:

"Sec. 435. When it appears to the court, by affidavit, that either party to an action has been dead for a period so long that the action cannot be revived in the names of his representatives or successors without the consent of both parties, or when a party sues

or is sued as a personal representative, that his powers have ceased, the court shall order the action to be dismissed at the costs of the plaintiff.''

It appears to this court, by the affidavit of O. M. Wilson, and also by the motion to revive filed herein, that the plaintiff, W. S. Houghton, had been dead for more than one year, and these executors had been appointed and qualified for more than one year prior to the time of filing the motion to revive. For these reasons, the motion of the defendant to dismiss will be sustained, and this case dismissed at the costs of the plaintiff.

All the Judges concurring.