BENJAMIN RYLAND *et al.* v. W. H. COYLE *et al.*

(Filed July 30, 1898.)

1. APPEAL—*Case-Made—Amendment.* A case-made for the supreme court cannot be amended or supplemented in the supreme court by inserting anything therein or attaching anything thereto which did not belong to the case-made and constitute a part thereof when it was originally settled and signed by the judge and attested by the clerk below. The decision of the trial judge as to the truthfulness of the case-made is conclusive and final, at least until the certified record is shown to be intentionally false, and to have been fraudulently prepared, or that there was a want of jurisdiction in the court.

2. CASE MADE—*Defective—Remitment.* If it appears upon appeal that the case-made is plainly defective, it may be remitted, on motion, by the appellate court, with instructions to the trial judge to resettle it. But the appellate court cannot direct how the case shall be resettled. It rests in the discretion of the trial judge.

3. NEW TRIAL—*Motion Must be Filed in Time.* The motion for a new trial, if not filed within three days after the verdict or decision rendered, will not be considered or reviewed here upon errors occurring upon the trial.

4. APPEAL—*Case Not Reviewed, When.* A case which has not been filed in this court until more than one year after the rulings complained of in the petition in error will not be reviewed upon any ground.

   (Syllabus by the Court.)

*Error from the District Court of Logan County; before Frank Dale, District Judge.*

*H. R. Thurtson,* for plaintiffs in error.

*Asp, Shartel & Cottingham,* for defendants in error.

Action between Benjamin Ryland and another and W. H. Coyle and others. There was a judgment for the latter, and the former bring error. Dismissed, and judgment affirmed.

Opinion of the court by

McATEE, J.: This case comes on to be heard upon the motion of the plaintiffs in error, filed June 16, 1897, which states that a mistake or clerical error occured in the journal entry of judgment in the court below; that the record below shows that the judgment was rendered on the 12th day of October, 1895, and in the journal entry the date of judgment is given as the 8th day of October, 1895—the original papers having been used in making said case-made. The motion prays that this court correct the date on which the verdict was actually rendered, namely, October 12, 1895. This motion is ac companied by the affidavit of the clerk of the district court of Logan county, which states that the case "was called for trial and the jury impaneled on the 8th day of October, 1895; that evidence was introduced on Octo- ber 9, 10, 11 and 12, 1895, and on said last date, namely, October 12, 1895, the verdict was rendered therein." This motion raises the question as to the power of this court to correct the record sent up from the trial court. The Code of Civil Procedure (section 566) provides that "the case and amendments shall be submitted to the judge, who shall settle and sign the same, and cause it to be at- tested by the clerk, and the seal of the court to be thereto attached." And it is provided by section 567 that "if no amendments are suggested by the opposing party, as above provided, said case shall be taken as true and con- taining a full record of the cause, and certified accord- ingly." These provisions of the statute have been re- peatedly interpreted by the supreme court of Kansas, where it has been held that "a case-made for the supreme court cannot be amended or supplemented in the su- preme court by inserting anything therein or attaching

anything thereto, which did not belong to the case-made and constitute a part thereof when it was originally settled and signed by the judge and attested by the clerk of the court below." (*Snavely v. Buggy Co.*, 36 Kan. 106, 12 Pac. 522.)

And it was said in *Association v. Beebe*, 24 Kan. 366, that "the judge of the district court has the power to make such alterations, erasures, and additions as may be necessary to make the case-made speak the truth," and that "in addition his decision as to the truthfulness of the case-made is conclusive and final until, at least, the certified record is shown to be intentionally false, and to have been fraudulently prepared," and that, "as a record imports absolute verity, in the absence of allegations of fraud or want of jurisdiction in the court we must assume the journal entry to be true," and that "the decision of the trial judge that a case-made, as prepared for his signature by one of the parties to the action, is untrue, is conclusive and final." The supreme court will not therefore undertake to amend the record as it comes here in any particular. The rule would probably be that upon proper application the case would be remitted to the trial court.

It was said in *Walker v. Scott*, 102 N. C. 487, 9 S. E. 488, that "the appellate court has no power to modify or alter the record coming from the court below; that the trial court must hear all orders and motions in respect thereto."

It was said in *Rubber Co. Rothery*, 112 N. Y. 595, 20 N. E. 548, that, "if it appears on appeal that the case-made is plainly defective, it may be remitted, on motion, by the appellate court, with instructions to the trial judge to resettle it; but the appellate court cannot direct how the

case shall be resettled, as it rests in the discretion of the trial judge." (*Gallaudet v. Steinmetz*, 45 N. Y. Super. Ct. 239.)

The verdict of the jury, as appears from the record, was entered upon the 8th day of October, 1895, and no motion for a new trial was filed until the 14th of October, 1895. Since the motion for a new trial must be filed within three days of the verdict or decision rendered (Civil Code, sec. 320) and since six days elapsed from the time of the verdict to the filing of the motion for a new trial, the motion will not be taken as presenting any questions for review. (*McNally v. Keplinger*, 37 Kan. 556, 15 Pac. 534; *Pratt v. Kelley*, 24 Kan. 111; *Norris v. Evans*, 39 Kan. 668, 18 Pac. 818.)

When the motion for a new trial is not filed in time, the supreme court will not consider or review errors occurring upon the trial. (*Bartlett v. Feeney*, 11 Kan. 593; *Fowler v. Young*, 19 Kan. 150.)

No question is presented by the petition in error which can be reviewed by this court, since the case was not filed in this court until October 5, 1896—more than one year after any of the rulings complained of in the petition in error. (*Blackwood v. Shafer*, 44 Kan. 273, 24 Pac. 423.)

The petition in error is therefore dismissed and the judgment of the court below affirmed.

All of the Justices concurring.