C. E. VANDERVOORT v. BOARD OF COMMISSIONERS OF PAW-
NEE COUNTY.

(Filed Feb. 11, 1899.)

PETITION IN ERROR—*Time of Filing.* Where more than one year has
intervened between the rendition of the judgment and the final
order sought to be reviewed and the filing of the petition in
error in the supreme court, this court has no jurisdiction to review
such judgment or final order unless the person entitled to such
proceeding be under disability, as provided in section 574 of our
Civil Code.
(Syllabus by the Court.)

*Error from the Probate Court of Pawnee County; before
James P. Neal, Probate Judge.*

*John F. Stone, George S. Green* and *A. J. Biddison,* for
plaintiff in error.

*C. A. Houston, W. L. Eagleton* and *B. W. Morphis* for
defendant in error.

Action by Charles E. Vandervoort against the board
of county commissioners of Pawnee county. Judgment
for defendant, and plaintiff brings error. Dismissed.

Opinion of the court by

HAINER, J.: This case is brought here on appeal by
the plaintiff in error from the probate court of Pawnee
county on a case-made. The record shows that the
judgment was rendered in the probate court on the 31st
day of August, 1897; that on the same day a motion for
a new trial was filed by the plaintiff in error (plaintiff
in the court below) which motion was considered and

overruled by the court, to which judgment and rulings of the court, the plaintiff duly excepted, and brings the case here to be reviewed by this court. It further appears from the record that the case-made was settled and signed on July 5, 1898, and that the petition in error was not filed in this court until September 21, 1898.

Section 574 of our Civil Code reads as follows: "No proceeding for reversing, vacating or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of or in case the person entitled to such proceeding be an infant, a person of unsound mind, or imprisoned within one year as aforesaid exclusive of the time of such disability." Where more than one year has intervened between the rendition of the judgment and the final order sought to be reviewed and the filing of the petition in the supreme court, this court has no jurisdiction to review such judgment or final order, unless the person entitled to such proceeding be under disability, as provided in section 574 of our Civil Code. As the record in this case shows that the judgment in the probate court was rendered on the 31st day of August, 1897, and that the motion for a new trial was overruled on the same day, and the petition in error was not filed in this court until the 21st day of September, 1898, this court has no jurisdiction to review the case. The rule laid down in the case of *Hoffman v. Board* (preceding case) followed. For the reason herein stated, the petition in error must therefore be dismissed.

All of the Justices concurring.