Roy V. Hoffman *et al.* v. Board of Commissioners of Pawnee County.

(Filed Feb. 11, 1899.)

1. APPEAL—*Time of Taking.* Under section 574 of our Civil Code, proceedings for reversing, vacating or modifying judgment or final orders must be commenced in the supreme court within one year after the rendition of the judgment or making of the final order which is· sought to be reviewed by this court, unless the person entitled to such proceeding be under disability, as provided in said section.

2. SAME—*No Jurisdiction After One Year.* Where more than one year has intervened between the rendition of the judgment or final order sought to be reviewed and the filing of the petition in error in the supreme court, this court is without jurisdiction to review the judgment of the court, and the petition in error must therefore be dismissed.

(Syllabus by the Court.)

*Error from the Probate Court of Pawnee County; before James P. Neal, Probate Judge.*

*John F. Stone* and *A. J. Biddison,* for plaintiffs in error.

*Eagleton & Morphis,* for defendant in error.

Action (by Roy V. Hoffman and William Blincoe against the board of county commissioners of Pawnee county. Judgment for defendant, and plaintiffs bring error. Dismissed.

Opinion of the court by

HAINER, J.: This cause comes here on appeal from the probate court of Pawnee county. It appears from the record in this case that the cause was tried by the court

without a jury, and that the court rendered a judgment in said cause on the 31st day of August, 1897. It further appears from the record that on the 31st day of August a motion for a new trial was filed by the plaintiff, which motion, on the same day, was considered and overruled by the court, to which ruling of the court the plaintiff duly excepted at the time, and brings the case here on a case-made for review. It further appears that the case was settled and signed by the probate judge on the 5th day of July, 1898. It further appears that the case was not filed in this court until the 30th day of September, 1898.

Section 574 of the Civil Code provides: "No proceeding for reversing, vacating or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of, or in case the person entitled to such proceeding be an infant, a person of unsound mind, or imprisoned within one year as aforesaid, exclusive of the time of such disability." Thus the record in this case clearly shows that more than one year has intervened between the rendition of the judgment and the overruling of the motion for a new trial in the probate court and the filing of the petition in error and the case-made in this court; hence this court is without jurisdiction to review such judgment. The petition in error must therefore be dismissed.

All of the Justices concurring.