School Dist. No. 39, Kiowa County, *v.* Fisher, *County Treasurer* (First National Bank of Hobart, *Intervener*).

No. 2221, Okla. T. Opinion Filed January 13, 1909.

(99 Pac. 646.)

**APPEAL AND ERROR—Commencement of Proceedings—Dismissal.**
A petition in error was filed and summons in error issued two days before the expiration of one year after the rendition of the judgment appealed from. The service of the summons in error which was served after the expiration of said period of one year was quashed. An alias summons was not issued and served until after the expiration of 60 days after the issuance of the first summons. **Held,** that the proceeding was not commenced within one year from the date of the rendition of the judgment appealed from, as required by section 4748, Wilson's Rev. & Ann. St. 1903.

(Syllabus by the Court.)

*Error from District Court, Kiowa County; F. E. Gillette, Judge.*

Action by School District No. 39, Kiowa County, against C. H. Fisher, Treasurer of School District No. 39. The First National Bank of Hobart intervenes. Judgment for defendant, and plaintiff brings error. Dismissed.

The petition in error in this case was filed in this court on November 7, 1907, and summons in error was issued on the same day. Return of service of the summons was made on the 13th day of the same month. On April 23, 1908, motion to quash the service of the summons was filed by defendant in error the First National Bank of Hobart, which was sustained by this court on September 8, 1908. On September 12, 1908, an alias summons in error was issued, which was served and returned on the 21st day of the same month. The First National Bank of Hobart, defendant in error, has filed it motion to quash this alias summons, and the service thereon, on the ground that the proceeding was not begun in this court within one year from the date of the judgment which plaintiff in error seeks to have

reviewed. The judgment complained of in the petition in error was rendered in the trial court on the 9th day of November, 1906.

· ·*John T. Hays,* for plaintiff in error.

*L. M. Keys,* for defendant in error First Nat. Bank.

HAYES, J. (after stating the facts as above). Section 4748 of Wilson's Revised and · Annotated Statutes of Oklahoma of 1903, being section 550 of the Code, provides:

. "No proceeding for reversing, vacating or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of. ` * * * "

Under this section of the Code, unless the proceeding is commenced in this court within one year after the rendition of the judgment or order which is sought by plaintiff in error to have reviewed, this court without jurisdiction to review the same. *Ryland v. Coyle,* 7 Okla. 226, 54 Pac. 456; *Hoffman v. Board of Commissioners,* 8 Okla. 225, 57 Pac. 167; *Wedd v. Gates et al.,* 15 Okla. 602, 82 Pac. 808; *Hebeison v. Hatchell,* 17 Okla. 260, 87 Pac. 643. The determination of the question presented by the motion in the case at bar requires us to determine when a proceeding is commenced in this court within the meaning of the language of section 4748, *supra.* The answer to this question involves the construction of the language of said section; but the duty of first construing this section does not fall upon this court, for this section of the statute is a part of the General Code adopted from the state of Kansas by the territory of Oklahoma, and it had been construed by the Supreme Court of that state prior to its adoption by the territorial Legislature. The statute does not define what shall constitute a commencement of a proceeding within the terms of this section. Section 20 of the Code (section 4218, Wilson's Rev. & Ann. St. 1903) provides that:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him or on a codefendant who is a

joint contractor or otherwise united in interest with him. * * * An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days."

This section of our Code is the same as section 20 of the Kansas Code, and is also the same as was section 20 of the Ohio Code at one time. It constitutes part of the statute of limitations and refers to the commencement of civil actions in the trial court. The section defines when an action shall be deemed commenced only within the meaning of the article of which it forms a part; but the Supreme Court of Ohio, in *Buckingham v. Commercial Bank,* 21 Ohio St. 131, held that this section of the statute of that state afforded by analogy a rule to govern proceedings in error. The Supreme Court of Kansas, in *Thompson et al. v. Wheeler & Wilson Manufacturing Co.,* 29 Kan. 476, adopted the holding of the Supreme Court of Ohio in *Buckingham v. Commercial Bank,* and upon facts very similar to the facts in this case concludes the discussion of the question now under consideration in the following language:

"After a careful consideration of this question, we have come to the conclusion that where a *bona fide* attempt to commence a proceeding in error is made by filing a petition in error and case-made, as was done in the present case, and having summons issued thereon, such act should be deemed and held to be equivalent to the commencement of such proceeding in error; *provided, of course, that the plaintiff in error should faithfully, properly and diligently follow up his attempt by obtaining service upon the defendant in error within sixty days after the filing of the petition."* (The italics are ours.)

In that case the summons was issued on the same day the petition was filed, which was before the expiration of one year from the rendition of the judgment appealed from and it was served; but plaintiff in error soon thereafter ascertained that the manner of service was not in accordance with the requirements of the statute and immediately ordered an alias summons to be

issued. An alias summons was issued prior to the expiration of a year after the rendition of the judgment in the trial court and was served after the expiration of said year but before the expiration of 60 days after the filing of the petition and issuance of the original summons. The court held that since the petition had been filed and the original summons had been issued within the statutory period for appeal, and the summons had been served within 60 days after the issuance thereof, the motion to dismiss would not lie; but in the language quoted *supra* the court clearly holds that, if the summons had not been served within the 60 days, the action would not have been commenced within the statutory period.

In the case at bar, the alias summons was not issued within the statutory period of one year, nor was it served within 60 days after the issuance of the first summons. Following the reasoning of the court, in *Thompson et al. v. Wheeler & Wilson Mfg. Co., supra,* in which it is held that section 20 of the Code by analogy furnishes the rule of construction for the section now under consideration, which fixes the time within which appeals must be begun, we must conclude that plaintiff in this action did not commence his proceeding within the statutory period. The Supreme Court of the territory of Oklahoma, without referring to the case of *Thompson et al. v. Wheeler & Wilson Mfg. Co., supra,* in *Wedd v. Gates et al., supra,* gave to this section the same construction that we are giving it. In that case the petition in error was filed, the summons in error was issued, and service had upon all the defendants except one, upon whom the summons in error was never served. After the expiration of 60 days from the issuance of summons in error, the defendant who had not been served entered into a stipulation which was filed in the case and constituted a general appearance; but the court held that, since he had not been served with summons in error within 60 days after the issuance of the first summons, he could not confer jurisdiction by entering an

appearance or by express agreement. The second paragraph of the syllabus in that case reads:

"By the terms of section 3892 of the Statutes of Oklahoma of 1893, an action is deemed to be commenced as to each defendant at the date of the summons which is served on him; and where a plaintiff in error causes summons to issue on the last day within the year following the date of the final judgment appealed from, but fails to serve it on one of the necessary defendants in error, and also fails to secure service on him within 60 days after the issuance of the first summons (as provided in the same section), the appeal should be dismissed on the ground of defect of parties."

The only difference between the facts in that case and the case at bar is that the jurisdiction of the person of the defendant in that case was sought to be obtained by an appearance made after the expiration of the period of one year and after the expiration of 60 days after the issuance of the first summons; whereas, in this case it is sought to be obtained by service of an alias summons.

Defendant in error's motion is sustained, and the cause is dismissed.

All the Justices concur.