KILGORE V. YARNELL et al.

No. 125.    Opinion Filed July 13, 1909.

(103 Pac. 698)

1.  **APPEAL AND ERROR—Proceedings in Error—Time for Commencement.** A petition in error was filed and summons in error issued 11 days before the expiration of one year from the making of the order appealed from. The summons in error was served on one of the defendants in error two days before the expiration of one year from the making of such order. On the sixteenth day after the expiration of such year, an alias summons in error was issued to the attorney of record of the other defendant in error, which was returned as having been served on the twentieth day after the expiration of such year and on the thirty-first day after the date on which the petition in error and case-made were filed with the clerk of the Supreme Court and the original summons was issued thereon. Held, that such proceeding in error was commenced within one year from the date of the making of the order appealed from, as required by section 4748, Wilson's Rev. & Ann. St. 1903, following **Thompson v. Wheeler & Wilson Mfg. Co.** 29 Kan. 479, and **School District No. 39 v. Fisher,** 23 Okla. 9, 99 Pac. 646.

2.  **ABATEMENT AND REVIVAL—Application for Revivor—Discretion of Court.** Where the plaintiff makes application in proper form, and within one year from the date of the death of the defendant, for a revivor of the action against his representative, the order must be granted as a matter of right, not being dependent on the discretion of the court or of the judge thereof.

3.  **APPEAL AND ERROR—Jurisdiction.** Where a proceeding in error is instituted in the court by the plaintiff in the court below, as plaintiff in error here, against the deceased defendant and the administratrix of his estate, as defendants in error, the action not having been revived against such representative in the court below nor any. consent having been given in such court to such revivor, nor any summons or notice having been issued as required by section 4618, Wilson's Rev. & Ann. St. 1903, and 12

months having elapsed from the date of the order complained of, held that, the administratrix not having been made a party in any way to the proceedings below, this court has not jurisdiction to review such order.

(Syllabus by the Court.)

*Error from District Court, Caddo County.*

Action by W. S. Kilgore against Thomas F. Yarnell and others. Judgment for defendants, and plaintiff brings error, and plaintiff moves to dismiss the petition in error. Dismissed.

*A. T. Boys* and *John H. Venable,* for plaintiff in error.

*A. J. Morris,* for defendants in error, citing: 2 Enc. Pl. & Pr. 200; *Shartzer v. Love,* 40 Cal. 93; *Kuhnert v. Conde* (Kan.) 18 Pac. 193; *Bridge v. Hotel Co.* (Kan.) 61 Pac. 754; *Dolan v. Jennings,* 139 U. S. 385; *Wedd v. Gates* (Okla.) 82 Pac. 808.

WILLIAMS, J. In this case the order sought to be reviewed was made on the 18th day of April, 1907, and on the 7th day of April, 1908, a petition in error and case-made were filed in this court. On the same day a præcipe for summons was filed with the clerk and summons issued thereon. On April 17, 1908, said summons was returned, showing service on Mrs. A. M. Yarnell, as administratrix, on April 16, 1908. On the 4th day of May, 1908, an alias summons was issued to A. J. Morris, attorney of record for Thomas F. Yarnell, deceased, which was returned on the 8th day of May, 1908, as having been served on the 7th day of May, 1908.

The question arises as to whether or not said proceeding in error was commenced in this court within one year after the making of the order complained of. In this case the summons was issued on the same day the petition in error was filed, which was before the expiration of one year from the making of the order. The plaintiff in error, ascertaining that the manner of service was not in accordance with the requirements of the statute, immediately, to wit, on May 4, 1908, caused an alias summons to be issued, which was within 60 days from the date

of the filing of the petition and case-made and the issuance of the original summons thereon, and said alias summons was served on the 7th day of May, 1908, being the thirty-first day after the issuance of the original summons in error.

In the case of *Thompson v. Wheeler & Wilson Mfg. Co.,* 29 Kan. 478 (2d Ed. 341), the court said:

"A motion was made for a new trial on November 23, 1881. The motion was heard and denied on December 1, 1881, and the case was filed in this court on November 28, 1882. A summons was issued on the same day, and made returnable on December 8, 1882. The summons was served by a deputy sheriff of Cowley county (the county from which the case was brought), upon one D. F. Best, the agent of the defendant in error, in that county. This service, it is admitted by the parties, was not a good service. This summons was returned to the clerk of the Supreme Court, and, as soon thereafter as the plaintiffs in error ascertained the manner in which the service was made, they ordered an alias summons to be issued. This alias summons was issued on December 28, 1882, and made returnable on January 8, 1883. It was served, however, on December 30, 1882, upon S. D. Pryor, the attorney of record for the defendant in error. This last service of summons, it is admitted, was a good service, provided the summons could be legally served at that time."

On page 481 (2d Ed. 343), the court further said:

"After a careful consideration of this question, we have come to the conclusion that where a *bona fide* attempt to commence a proceeding in error is made by filing a petition in error and case-made, as was done in the present case, and having summons issued thereon, such act should be deemed and held to be equivalent to the commencement of such proceeding in error, provided, of course, that the plaintiff in error should faithfully, properly, and diligently follow up his attempt by obtaining service upon the defendant in error within 60 days after the filing of the petition. We would therefore think that the date of the commencement of the present proceeding in error should be held to be November 28, 1882, when the petition in error was filed, and when the original summons was issued; and as the petition in error was filed and the original summons issued within less than one year after the motion for a new trial was overruled,

although more than one year after the judgment was rendered, we think the Supreme Court may consider and determine every question involved in the ruling and determination of the trial court in overruling the motion for a new trial.   *   *   *"

The case of *Thompson v. Wheeler Mfg. Co., supra,* is cited with approval and followed by this court in the case of *School District No. 39 v. Fisher,* 23 Okla. 9, 99 Pac. 646.

The petition in error and case-made having been filed in this court and summons in error issued thereon within 12 months from the date of the rendering of the order complained of, and the alias summons having been issued and properly served within 60 days from the date of the filing of said petition in error and case-made and the issuance of the original summons thereon, we conclude that the proceeding in error in this case was commenced in this court, if it was permissible to have the service under the circumstances, on the administratrix and the attorney of record of the deceased defendant within the time required by law, and there is nothing in this holding that contravenes any of the decisions, either of this court or of the Supreme Court of the territory of Oklahoma.   See *School District No. 39 v. Fisher,* 23 Okla. 9, 99 Pac. 646; *Court of Honor v. Wallace et al.,* 23 Okla. 734, 102 Pac. 111; *McMurtry v. Byrd et al.,* 23 Okla. 597, 101 Pac. 1117; and *Divine v. Harmon et al.,* 23 Okla. 901, 101 Pac. 1125; *Hebeison v. Hatchell,* 17 Okla. 260, 87 Pac. 643; *Wedd v. Gates et al.,* 15 Okla. 602, 82 Pac. 808; *Hoffman v. Board of Commissioners,* 8 Okla. 225, 57 Pac. 167; *Ryland v. Coyle,* 7 Okla. 226, 54 Pac. 456; *Keokuk Falls Improvement Co. v. Beale,* 4 Okla. 712, 47 Pac. 481; *Blanchard v. United States,* 6 Okla. 587, 52 Pac. 736; *Vandervoort v. Board of Commissioners,* 8 Okla. 227, 57 Pac. 167.

Section 4623, Wilson's Rev. & Ann. St. 1903 (chapter 66, art. 19, § 425, Code Civ. Proc.), provides:

"An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made."

The question necessarily arises as to when an order of revivor could have been first made in this case. The record recites that the defendant, through his attorney, "announced ready for trial, and the plaintiff announced that he was not ready for trial, and asked that the cause be continued for the purpose of having the action revived in the name of the administratrix of the estate of the defendant, who is now deceased; and it appearing to the court that the defendant died on the 22d day of January, 1907, and that on the 15th day of February, 1907, an administratrix of the estate of the defendant Thos. F. Yarnell, deceased, was duly appointed and qualified, and that 62 days have elapsed since the appointment of the administratrix, and plaintiff being the appellant herein, and having taken no steps whatever to have the action revived in the name of the administratrix, and the court is of the opinion that he has not prosecuted his appeal herein with due diligence, and that he is therefore not entitled to such continuance, * * * and upon motion of A. J. Morris, attorney for defendant, to dismiss plaintiff's said appeal, it is by the court ordered, considered, and adjudged that said appeal be dismissed, and the cause remanded to the probate court of Caddo county, from which said appeal was taken, for further proceeding in said cause as required by law." On the 17th day of April, 1907, the plaintiff moved to reinstate said cause, which motion was denied.

In the case of *Mawhinney et al. v. Doane et al.*, 40 Kan. 683, 20 Pac. 488, decided by the Supreme Court of that state prior to the adoption of the Civil Code of Procedure of Kansas by the Legislature of the territory of Oklahoma, and which is accordingly binding on this court (*Farmers' State Bank v. Stephenson et al.*, 23 Okla. 695, 102 Pac. 992), the court said:

"Our statute provides that an order to revive an action upon the death of either the plaintiff or defendant cannot be made after the expiration of one year, without the consent of the opposite party. The petition alleges the death of the judgment creditor in April, 1882, and does not allege or show that the action was ever revived. The demurrer admits the facts alleged in the

defense that there was no revivor. There seems to be no escape from the conclusion that the judgment is dormant. * * * This judgment cannot be revived after the expiration of one year from the death of the judgment creditor, without the consent of the judgment debtors."

The same rule applies to a pending action, not reduced to judgment. *Tefft v. Citizens' Bank,* 36 Kan. 458, 13 Pac. 783. This decision does not appear to harmonize with the case of *Houghton v. Lannon,* 1 Kan. App. 517, 40 Pac. 819, wherein, though it is not expressly decided, it is intimated that, where the administrator is appointed within a year from the death of a party, the action against the administrator's intestate may be revived against such administrator at any time within a year from his appointment as such administrator; but the case of *Mawhinney et al. v. Doane et al., supra,* appears to be controlling, as the case of *Houghton v. Lannon* was decided by the Kansas Court of Appeals a court of inferior jurisdiction to the Supreme Court of that state, during the year 1895, after the statutes had been transplanted from Kansas to Oklahoma Territory.

"The revivor shall be by an order of court, if made in term, or by a judge thereof, if in vacation, that the action to be revived in the names of the representatives or successor of the party who died, or whose powers ceased, and proceed in favor of or against them." (Section 4616, Wilson's Rev. & Ann. St. 1903; chapter 66, art. 19, § 418, Code Civ. Proc.) "The order may be made on the motion of the adverse party, or of the representatives or successor of the party who died, or whose powers ceased, suggesting the death or the cessation of his powers, which, with the names and capacities of his representatives or successor, shall be stated in the order." (Section 4617, Wilson's Rev. & Ann. St. 1903; chapter 66, art. 19, § 419, Code Civ. Proc.) "If the order is made by the consent of the parties, the action shall forthwith stand revived; and, if not made by consent, notice of the application for such order shall be served in the same manner and returned at the same time as a summons, upon the party adverse to the one making the motion; and if sufficient cause be not shown against the revivor, the order shall be made." (Section

4618, Wilson's Rev. & Ann. St. 1903; chapter 66, art. 19, § 420, Code Civ. Proc.)

Sections 464 and 466, Code Civ. Proc. Neb. (sections 1454 and 1456, Cobbey's Ann. St. Neb. 1907, vol. 1), are identical with sections 4621 and 4623, Wilson's Rev. & Ann. St. 1903. In the case of *Gillette v. Morrison,* 7 Neb. 266, the court, in construing said section 464 said:

"And where, under the statute, when it is sought to revive an action upon the ground that the cause has abated by reason of the death of the defendant, the only questions at issue upon the motion are: First, the death of the defendant; second, the substitution of the administrator and heirs of the estate. In that proceeding, if the cause of action survive the court has no authority to inquire into the merits of the case, and where the application is in proper form, and made within the time prescribed by statute, the order must be granted as a matter of right."

Sections 5155 and 5157, Bates' Ann. St. Ohio (4th Ed.) vol. 2, are identical with section 4621 and 4623, Wilson's Rev. & Ann. St. 1903. In the case of *Carter v. Jennings,* 24 Ohio St. 188, decided by the Supreme Court of Ohio in 1873, it was held that the right to revive an action under said provisions was not dependent on the discretion of the court or of the judge making the order, but, under the conditions and within the time limited, was a matter of right.

It necessarily follows that the plaintiff being entitled to a year after the death of the defendant, as a matter of right, within which to revive said action against his estate, the court erred in dismissing said plaintiff's appeal and remanding said cause to the probate court of Caddo county. However, in the case of the death of the plaintiff, it appears to be different. See section 4626, Wilson's Rev. & Ann. St. 1903; chapter 66, art. 19, § 428, Code Civ. Proc.

The question further arises as to whether or not an appeal will lie to review the action of the court in this instance. Section 4733, Wilson's Rev. & Ann. St. 1903 (chapter 66, art. 19, § 535, Code Civ. Proc.), provides:

"The Supreme Court may * * * reverse, vacate or modify any of the following orders of the district court, or a judge thereof: First, a final order. Second, an order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction; that grants or refuses a new trial; or that confirms or refuses to confirm the report of a referee; or that sustains or overrules a demurrer. Third, an order that involves the merits of an action, or some part thereof."

By dismissing the appeal in this case by the trial court, it had the effect of causing the judgment that was rendered against the plaintiff in favor of the defendant on his counterclaim in the probate court to become final, and the plaintiff having filed a motion to set aside said order overruling a continuance and dismissing the appeal, and to reinstate the action, within due time, saving his exceptions thereto, said order was clearly appealable.

But the question further arises as to whether or not the plaintiff in error can maintain this proceeding in this court, under the status of this record. The defendant Thomas F. Yarnell was dead, and although A. J. Morris was his attorney in said cause prior to his death, yet after that time he could make no appearance for him whatever. *Green, Adm'r, v. McMurtry*, 20 Kan. 192; *Judson v. Love,* 35 Cal. 463. And the administratrix of the estate of said defendant, having not consented for a revivor of said cause in her name, had not been made a party to said action by notice, as required in cases for revivor by section 4618, *supra.* Then the attorney not being able to appear for the deceased defendant, though the record recites that he appeared for said defendant and moved to dismiss said cause, and the administratrix not being made a party thereto, she has not been properly brought into this court as a party to this proceeding. In the case of *Green, Adm'r, v. McMurtry,* 20 Kan. 193, the court said:

"We suppose there can be no doubt as to the invalidity of the service of said writ after Jones' death. There must always be two parties to a lawsuit—a plaintiff and a defendant. No action can exist without such parties. A plaintiff voluntarily makes

himself such by commencing the action. A defendant, unless he voluntarily appears, can be made such party only by the service of summons upon him, and, until the service of the summons, no action exists. The service is a jurisdictional matter. But, before any defendant is created, the plaintiff dies; then can a defendant be created with no plaintiff in existence? Can there be a defend-ant in an action without a plaintiff? Such a thing would seem to be absurd. When the plaintiff in a contemplated action dies, the power to make a defendant in that action dies with him."

In this case, the defendant in the court below being dead, no other defendant could be created in that action except by a revivor of the proceeding. That was by the personal representative or administratrix of his estate coming in voluntarily and consenting to such revivor, or being brought in by summons or notice, as the law prescribes. Such was not done, and no attempt at a revivor has been made in this court (though we express no opinion as to whether or not such could be done), and, such being the case, is there a defendant in error properly in this court? There cannot be a proceeding in error without both a plaintiff in error and a defendant in error.

It is insisted by the plaintiff in error that the defendant in error Mrs. A. M. Yarnell, as administratrix of the estate of Thomas F. Yarnell, deceased, through her attorney, A. J. Morris, as such, entered an appearance in the court below. It is a well-recognized rule that when an attorney enters an appearance he is presumed to have authority so to do; but in this case the question is: Did the acts as they appear in the record constitute an appearance? On the 17th day of May, 1907, A. J. Morris, as "attorney for Thos. F. Yarnell and Mrs. A. M. Yarnell, administratrix of the estate of Thos. F. Yarnell, deceased," accepted service of the case-made, as follows:

"I, the undersigned attorney of record for Thos. F. Yarnell, and of Mrs. A. M. Yarnell, administratrix of the estate of Thos. F. Yarnell, deceased, defendant in the above cause, hereby acknowledge and certify that the foregoing case-made was duly served upon us this 17th day of May, 1907."

On the same date the same attorney waived notice of the signing and settling of the case-made, as follows:

"Notice of settling and signing the foregoing case-made in the above-entitled cause is hereby waived, and I hereby agree that said case-made may be settled and signed whenever the same may be presented and in my absence upon the case-made as served and the amendments suggested by me and attached to the case-made. [Signed]    A. J. Morris, Attorney for Defendant and Attorney for Mrs. A. M. Yarnell, Administratrix of Estate of T. F. Yarnell, Deceased."

The suggested amendments are made by A. J. Morris, as "attorney for the defendant." We are unable to see that these acts constituted an appearance.

It is further insisted that said A. J. Morris, as attorney, had subpœnas issued for one or two witnesses; but no authority has been cited to us wherein the procuring of the issuance of a subpœna and the service of the same upon a witness constitutes an appearance in an action.

We regret the necessity of dismissing this appeal, and not to be able in this proceeding to review the action of the lower court in dismissing said action. The more appropriate remedy for plaintiff was mandamus. The trial court having improperly dismissed said action before the expiration of a year from the date of the death of the defendant, the plaintiff, as a matter of right, having that time within which to revive said action, such court was not acting within the exercise of its discretion, and such action could have been supervised by a writ of mandamus and the trial court required to reinstate the same.

The motion to dismiss the appeal is accordingly sustained.

All the Justices concur.