# W. N. & D. B. TALIAFERRO v. JAMES *et al.*

No. 2589.   Opinion Filed January 9, 1912.

(120 Pac. 651.)

**APPEAL AND ERROR** — Commencement of Proceeding — Dismissal — "**Commenced.**"   Where the judgment sought to be reviewed was rendered November 23, 1909, and the petition in error and case-made, together with a praecipe for a summons in error, were filed July 10, 1910, but no summons in error issued until May 10, 1911, held, that the proceeding in error was not "commenced" within one year from the rendition of the judgment appealed from, within the contemplation of Wilson's St. Okla., sec. 4748.

(Syllabus by the Court.)

*Error from District Court, Marshall County;*
*D. A. Richardson, Judge.*

Action between W. N. & D. B. Taliaferro and Samuel Murrow James and others.  From the judgment, W. N. & D. B. Taliaferro bring error.  Dismissed.

*Cruce, Cruce & Bleakmore,* for plaintiffs in error.

*Winfield S. Farmer,* for defendants in error.

TURNER, C. J.   It appears from the docket entries in this cause that the case-made and petition in error were filed July 10, 1910, and that on the same day a praecipe for summons was also filed, but not until May 10, 1911, did a summons in error issue.  The motion to dismiss this appeal upon the ground charged and admitted; in contradiction of the record, that the case-made was not filed until May 15, 1911, cannot be considered, for the reason that parties are not thus permitted to falsify the records of this court.  This motion would therefore be overruled, were it not for the further fact that the docket entries further disclose that, although praecipe for summons in error was filed that same day, the summons was issued May 10, 1911, and has not been returned.

Wilson's Stats. of Okla. sec. 4218, provides:

"An action shall be deemed commenced, within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant, who is a joint contractor or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication of service of the summons within sixty days."

For the reason that the record discloses that the judgment sought to be reviewed was rendered and entered November 23, 1909, and that said summons was not served within 60 days from the filing of said præcipe, this proceeding was not commenced within one year after rendition of the judgment complained of, within the contemplation of Wilson's St. Okla., sec. 4748, and this cause is dismissed.

See *School District v. Fisher,* 23 Okla. 9, 99 Pac. 646; *Kilgore v. Yarnell,* 24 Okla. 525, 103 Pac. 698.

HAYES, KANE, and WILLIAMS, JJ., concur; DUNN, J., absent, and not participating.