GEORGE W. ROGERS, ADMINISTRATOR, PLAINTIFF IN ERROR, v. JOHN I. REDICK AND W. J. CONNELL, DEFENDANTS IN ERROR.

1. **Practice:** ESTATE OF DECEDENTS: ALLOWANCE OF CLAIMS: ERROR. An order of the county court allowing an account against an estate may be reviewed on error in the district court.

2. **Practice in Supreme Court:** JURISDICTION. Where a party files a petition in error in the supreme court, he must request the clerk either orally or in writing to issue summons in error thereon.

3. —— : ——. A summons in error must be issued within one year from the date of the judgment or final order sought to be reviewed, although it may be served afterwards.

MOTION to dismiss proceedings in error.

*Redick & Connell,* for the motion.

*G. W. Ambrose,* contra.

MAXWELL, CH. J.

On the 20th day of December, 1878, Redick & Connell filed a claim for the sum of $500.00 against the estate of Isaac N. Rogers, deceased, which on the 2nd day of January, 1879, was allowed by the county court. From the order allowing the account the plaintiff took the case on error to the district court, when, on the

NOTE.—A petition in error must be filed with the transcript of the record of the district court before the summons in error is issued. *City of Brownville v. Cook,* 1 Neb., 10. The attorney of record in the district court may waive the issuance and service of summons in error. *McDonald v. Penniston,* 1 Neb., 325. The date of filing indorsed on a transcript by the clerk is merely *prima facie* evidence of the time it was received by him. The court will correct a mistake made in the date to the prejudice of either party. *Tootle v. White,* 4 Neb., 405. Verification to a petition in error is not necessary. *Newlove v. Woodward,* 9 Neb., 505—REP.

14th day of June, 1879, the court dismissed the proceedings in error because not authorized by the statute. On the 18th day of May, 1880, the plaintiff filed a transcript of the proceedings in the supreme court, and on the 5th of June thereafter filed a petition in error, but no summons in error was issued until the 29th of that month. The defendants now move to dismiss the proceedings.

Section 580 of the code provides that "a judgment rendered or final order made by a probate court, justice of the peace, or any other tribunal, board, or officer, exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated, or modified by the district court." [Gen. Stat., 628.] The provisions of this section apply to all judgments or final orders of the county court. A party may, if he see fit, appeal from an order allowing or disallowing an account, but this remedy is not exclusive, he may have the same reviewed on error. The district court therefore erred in dismissing the proceedings in error.

The objection that a summons in error was not issued within a year from the date of the order dismissing the proceedings in the district court seems to be well taken.

Section 584 of the code provides that "the proceedings to obtain such reversal, vacation, or modification, shall be by petition, to be entitled, "petition in error," filed in a court having power to make such reversal, vacation, or modification, setting forth the errors complained of, and thereupon a summons shall issue and be served, or publication made, as in the commencement of an action." [Gen. Stat., 628.]

Section 62 provides that "a civil action must be commenced by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon." [Gen. Stat., 533.]

This would seem to require the party filing the petition to cause a summons to issue. This request to the clerk to issue summons may be made orally or in writing. No precipe need be filed unless required by the clerk, and the only object of making the request in writing is to preserve the evidence of the same in case of a failure to issue the summons. The clerk is merely a ministerial officer, whose duty it is to issue summons when requested to do so. When a summons is properly issued within the year it may be served after the expiration thereof, it being made returnable on the first day of the term, if issued in vacation; or if issued in term time, on a day therein named. As the summons in this case was not issued within the year, the court acquired no jurisdiction by its service on the defendants. The motion to dismiss is therefore sustained.