## LOBELL v. STOCK OIL COMPANY.

## (No. 668.)

APPEAL AND ERROR—WHEN PROCEEDING IN ERROR DEEMED COMMENCED—SUMMONS IN ERROR—AUTHORITY TO ISSUE—DISMISSAL.

1. While a proceeding in error is not in strictness a civil action under the Code, the provision of the Code prescribing when an action shall be deemed commenced furnishes the rule, by analogy, for determining when a proceeding in error is to be deemed commenced, the statute failing to expressly pre-

scribe what shall constitute the commencement of such a proceeding.

2. In either an original civil action or a proceeding in error, the authority of the clerk to issue summons is the written precipe therefor.

3. Where a petition in error has been filed within the time allowed for the commencement of proceedings in error, but no precipe for summons in error was filed or summons issued within that time, and summons in error was not waived, a motion to dismiss the proceedings on the ground that it was not commenced within the time allowed by law must be granted.

[Decided April 25, 1911.]                    (115 Pac. 69.)

ERROR to District Court, Natrona County.

Heard on motion to dismiss.

*Norton & Hagens,* for defendants in error.    (On motion to dismiss.)

Every act required to perfect an appeal must be completed during the statutory time allowed for taking the appeal, viz: filing the petition in error, precipe for summons in error, and application for an order for the original papers and transcript; and the summons must be served and returned and the transcript filed within this time, or the case should be dismissed for want of jurisdiction.   (Green v. City, 87 Fed. 839; City v. Coler, 92 Fed. 284; Cody v. Filley, 4 Colo. 436; Moe v. Harger, (Ida.) 77 Pac. 645; Wright v. Manns, (Ind.) 12 N. E. 160; Young v. Moss, 4 Ky. L. R. 449; Wood v. Calloway, 21 La. Ann. 481; R. R. Co. v. Ambach, 55 O. St. 553; Snider v. Young, 72 O. St. 494; Lott v. Ry. Co., 4 O. C. D. 9; Barton v. Bank, 14 O. Cir. 450; Wedd v. Gates, (Okl.) 82 Pac. 808.) The authorities are uniform to the effect that two appeals in the same case between the same parties cannot be pending in the same court at the same time, and that in such event the last appeal should be dismissied.   (American &c. Co. v. Perrine, (Fla.) 24 So. 484; DaCosta v. Dibble, (Fla.) 33 So. 466; Newbury v. Getchell &c. Co., (Ia.) 76 N. W. 514; Swort-

figuer v. White, (Cal.) 66 Pac. 80; Rowland v. Fite, (Ga.) 34 S. E. 212; Dunbar v. T. & T. Co., (Ill.) 72 N. E. 904; Burdett v. Dale, (Mo.) 69 S. W. 480; Smith v. Flick, (Mo.) 83 S. W. 73; Kehler v. Walls, (Mo.) 94 S. W. 760; Dunlap v. Weber &c. Co., (Mo.) 94 S. W. 761; Collins v. Gladiator &c. Co., (S. D.) 103 N. W. 385.) When an order of dismissal is entered in the Supreme Court it operates as a decree of affirmance, which cannot be opened by a new proceeding. (Horton v. Peacock, 1 Wyo. 57.)

*William H. Martz* and *Frederick J. Lobell*, of Chicago, Ill., for plaintiff in error, *contra*.

The first ground of the motion, viz: that the proceeding in error was not commenced within one year after the rendition of the judgment cannot be maintained. The judgment was entered January 28, 1910, and the petition in error was filed January 25, 1911, within the year allowed for commencing the proceeding in error. With reference to the second ground of the motion, to-wit: that none of the original papers or journal entries have been transmitted to this court, the files and records in the office of the clerk of this court will show the filing of a motion on January 25, 1911, for an order for all the necessary papers and transcript. It is no part of the duty of the plaintiff in error to file the record in this court, for it is made the duty of the clerk of the district court to transmit upon the order issued. If the clerk fails to do that the plaintiff in error is not chargeable with his neglect. The statute does not fix a time in which the precipe for summons in error must be filed or in which the summons must issue. It must be admitted that this court upon its own motion, or upon the motion of the defendant in error, may rule the plaintiff in error to file his precipe and cause the summons to issue, in order to speed the case. Plaintiff in error has now filed his precipe for summons and does now offer to cause summons to be issued thereon. We contend that this question cannot be raised by the defendant in error upon this motion to dismiss, but that the same must be raised by a

motion to compel the plaintiff in error to file his precipe
and cause summons to be issued.   The jurisdiction of this
court attached upon the filing of the petition in error.   The
briefs in the case were filed March 25, 1911, which was
within the time required by the rule; and on March 22,
1911, a copy of the brief was sent to the attorneys for the
defendant in error.   We therefore insist that the plaintiff
in error has complied fully with the rule of the court as to
filing and service of briefs.

Although a former petition in error was filed in this
court, the same was dismissed, and the plaintiff had under
the statute one year from the date of the rendition of the
final judgment in the court below to file his petition in error,
and he could file as many petitions in error as might seem
proper, and dismiss the same within the year.   At this time
there is pending in this court only this proceeding with re-
gard to the subject matter thereof.   The defendant in his
motion admits all the facts with reference to the dismissal
of the former petition in error, and the motion to dismiss
on the ground of the pendency of two proceedings in error
cannot be maintained.

. BEARD, CHIEF JUSTICE.

This case is before the court at this time on the motion
of defendant in error to dismiss the proceeding in error
for the reason that the same was not commenced within
the time allowed by law.   The judgment of the District
Court became final January 28, 1910, on which date the
motion for a new trial was denied.   The petition in error
was filed in this court January 26, 1911, but no precipe
for summons was filed until April 8, 1911, nor was any
summons issued prior to that date.   The motion to dis-
miss was filed March 29, 1911.

· The statutes governing the question presented by the
motion are as follows:   Comp. St. 1910, Sec. 5109.   "A
judgment rendered or final order made by the District
Court, may be reversed, vacated or modified by the Supreme
Court, for errors appearing on the record."   Sec. 5111.

"The proceedings to obtain such reversal, vacation, or modification, shall be by petition in error, filed in a court having power to make the reversal, vacation or modification, and setting forth the errors complained of; thereupon a summons shall issue and be served, or publication made, as in the commencement of an action, and a service on the attorney of record in the original case shall be sufficient;" etc.

Sec. 5112. "The summons mentioned in the last section shall, upon the written precipe of the plaintiff in error or his attorney, be issued by the clerk of the court in which the petition is filed, to the sheriff of any county in which the defendant in error, or his attorney of record is found;" etc.

Sec. 5122. "No proceeding to reverse, vacate, or modify a judgment or final order shall be commenced unless within one year after the rendition of the judgment, or the making of the final order complained of;" etc.

The statutes with reference to the commencement of an action are as follows: Sec. 4351. "A civil action must be commenced by filing in the office of the proper court a petition, and causing a summons to be issued thereon."

Sec. 4352. "The plaintiff shall also file with the clerk of the court a precipe, stating therein the names of the parties to the action, and demanding that a summons issue." And in the chapter treating of the time of commencing actions, under the head of "general provisions," Sec. 4305, "An action shall be deemed commenced, within the meaning of this chapter, as to each defendant, at the date of the summons which is served upon him, or on a co-defendant who is a joint contractor, or otherwise interested with him;" etc.

The question in this case is, whether the proceeding in error was commenced within the meaning of the statute, by the mere filing of the petition in error within one year from the rendition of the judgment,—no precipe for summons having been filed or summons issued until long after the expiration of that time. It is not claimed that there was any waiver of the issuance or service of summons, or

any attempt to commence the proceeding within the year except the filing of the petition. Such being the case, if it was an original civil action, it is clear that, under the provisions of section 4305, it could not be deemed to have been commenced prior to April 8, 1911, that being the date on which the precipe for summons was filed. And in either an original civil action or a proceeding in error the authority of the clerk to issue summons is the written precipe therefor. The statute does not prescribe what shall constitute the commencement of a proceeding in error, but does prescribe that it shall be by petition filed in the proper court, and thereupon a summons shall issue and be served, or publication made, "as in the commencement of, an action." These provisions of our statute were taken from the statutes of Ohio, and the Supreme Court of that state, as early as the December, 1865, term, held, that while a proceeding in error is not in strictness a civil action under the code, no good reason exists for adopting a different rule in such proceedings from that prescribed by the code in civil actions. The court said: "In all suits or proceedings of an adversary character, the court can acquire no jurisdiction of the case for the purposes of trial or judgment until the party defendant is brought before it. And so long as the plaintiff neglects to have process issued, or any other steps taken with a view to bringing in the defendant, and thus giving jurisdiction to the court, his action or suit cannot properly be said to have been commenced or to be pending." And it was held that by analogy the rule in civil actions applied to a proceeding in error, and that such proceeding was not commenced by the mere filing of the petition. (Robinson v. Orr, 16 O. St. 248.) The decision in that case has been approved and followed in that state since that time, in Bowen v. Bowen, 36 O. St. 312; McDonald v. Ketchener, 53 O. St. 519; R. R. Co. v. Ambach, 55 O. St. 553, and other cases; and was approved and applied by this court in Caldwell v. State, 12 Wyo. 206; and we see no reason for departing from that rule. No precipe for summons having been filed by the

plaintiff in error and no summons having been issued within the time allowed for the commencement of proceedings in error, the motion to dismiss will have to be granted and the proceedings in error dismissed.       *Dismissed.*

Potter, J., concurs.

Scott, J., did not sit.