## IN RE. BIG LARAMIE RIVER.
## PIONEER CANAL CO. v. AKIN ET AL.

(No. 781; Decided December 23rd, 1915; 153 Pac. 890.)

APPEAL AND ERROR—TIME FOR PROCEEDINGS—SUMMONS IN ERROR—SERVICE—RETURN DAY—STATUTES—VACATION—COURT TERM.

1. Where a petition in error is filed and a summons issued within one year after the rendition of judgment or order and thereafter and before the return day the summons is served, the proceeding is commenced in time, though service of the summons is not made within one year after the

rendition of the judgment or order nor within sixty days after the issuance of summons, since Compiled Statutes, Sec. 4306, is not intended to restrict or affect the operation of Compiled Statutes, Sec. 4305, but to extend the time sixty days for service where a party has attempted and diligently endeavored, though unsuccessfully, to procure service; Section 4306 has no application where the summons was properly served before the return day.

2. Under Comp. Stats. 1910, Sec. 5111, providing that upon the filing of a petition in error a summons shall issue and be served, and that if issued in vacation it shall be returnable on or before the first day of the term, and if issued in term time it shall be returnable on a day therein named, the word "therein" refers to the summons and not to the term, and the return day need not be a day within the term, or before the beginning of the next term, but may be fixed by the officer issuing the writ in his discretion, unless the period allowed to intervene between the date of the summons and the return day is clearly unreasonable under the circumstances of the case.

3. In a proceeding to adjudicate water rights an order overruling motions for a new trial was entered on January 6, 1913, and on January 3, 1914, certain of the parties filed their petitions in error, and a summons in error was issued, naming 188 defendants in error and made returnable on or before August 1, 1914. *Held*, that, in view of the character of the case and the large number of defendants in error, the period intervening between the date of the summons and the return day named therein was not unreasonable.

ERROR to the District Court, Laramie County; HON. RODERICK N. MATSON, Judge.

On rehearing on motions to quash service and dismiss. For former opinion, see 23 Wyo. 75, 147 Pac. 169, which is overruled. In that report will be found an abstract of the briefs on the original hearings had on the motions.

*Corthell, McCullough & Corthell,* for plaintiffs in error on petition for rehearing on the motions.

The motions should not have been sustained upon the authority alone of Bechtold v. Fisher, 12 O. Cir. Ct. 559. The decision appears to turn upon the expression "therein named" and we believe the interpretation placed thereon is

not justified by the statute. We believe it refers to a day to be named in the summons. The quotation from Nash on Pleading and Practice, 1243, appears to be an interpretation placed on the statute by the author, who seemed dissatisfied with its language. The term appears frequently in other sections of the statute relating to writs, in which connection it was used with reference to the writ and never with reference to anything else. Sections 4356, 4475, 4766, 4931, 5007, 5027, 5111, 5195, 5263, Comp. Stats., and substantially the same language is employed in more or less similar connections in Sections 4352. 4367, 4425, 4538 (subdivisions 6 and 8), 4544, 4569, 4693, 4741, 4743, 4787, 4831 and 5277. It is submitted that the construction adopted by us is the more grammatical one, and that the adverbial term therein is referable normally and naturally to the last antecedent term or the pronoun "it" rather than the parenthetical expression "term time." Statutes are to be read and understood primarily according to their grammatical sense, unless it is apparent that the author intended something different. (Sutherland Stat. Cons., Sec. 258.) The rule of construction applied in the interpretation of a contract in the case of Snow v. Duxstad, 147 Pac. 174, is applicable here. The sixty-day limitation for the completion of service with an unsuccessful attempt to commence an action in the district court is plainly inapplicable to the proceedings in this court. A defective issuance and service of summons voidable, but not void, will not deprive the court of jurisdiction (Clause v. Savings Association, 16 Wyo. 450), and the service may be completed under Section 3465, R. S. (4306 C. S.), and relate back to the date of the original summons. (Id. 469 and 470.) A liberal construction of the code is required. (Sec. 4263, Comp. Stats. 1910.) Liberal amendments are allowed. (Sec. 4437, Comp. Stats. 1910.) Defects not affecting substantial rights must be disregarded. (Sec. 4438, Comp. Stats. 1910.) The doctrine applies generally to process. (25 Cyc. 1075-1076; Lassiter v. Carroll (Pa.), 13 S. E. 824.) Numerous instances of defects held as not jurisdictional are presented by the cases. Service on a guardian

instead of a ward. (Cortelou v. Whitley, 85 Ala. 247, 4 So. 610.) Wrong date in summons. (Chicago D. Co. v. Kinzie, 93 Ill. 415.) Omission of year in return date. (Greeg v. Thompson, 17 Iowa, 107.) Erroneous rendition of money judgment, where summons did not notify defendant, money judgment claimed. (Blair v. Wolfe, 72 Iowa, 246, 33. N. W. 668.) Failure to read or deliver copy of summons. (Loungeville v. May, 115 Ia. 709, 87 N. W. 432.) A return date of January, 1883, in a summons issued in December, 1883. (Kelley v. Harrison, 69 Miss. 856, 12 So. 261.) Service by reading instead of by delivery. (Gaudy v. Jolly, 35 Neb. 711, 53 N. W. 658.) Wrong name in return. (Hanson v. Franklin, 19 N. D. 259, 123 N. W. 386.) Difference between affidavit and notice in constructive service. (Moore Realty Co. v. Carr, 120 Pac. 742.) Citation without a seal. (Moore v. Perry, 13 Tex. Civ. App. 204, 35 S. W. 838.) Returnable sixteen days instead of twelve days. (Morris v. Healey Lumber Co. (Wash.), 74 Pac. 662.) Service in May, 1909, of summons dated July, 1908, returnable first Tuesday of October next, held irregular and non-jurisdictional. The error must be so radical as to admit a collateral attack upon the judgment rendered in the action, in order to defeat jurisdiction. (Brock v. Francis (Kan.), 131 Pac. 1179.) The defect found by the court in the case at bar is one to which no objection was taken in either of the motions of Wyoming Development Company. The defect, if any, is that the writ was served after the time when the same could legally and properly be served. This is not jurisdictional. (Meisse v. McCoy's Admr., 17 O. S. 225.) In that case the time for commencing the action expired June 28th, 1864. Summons was issued June 23rd, 1864, and served July 4th following, which was the return day. The service was quashed by order in November, 1864. Alias summons issued on February 24th, 1864; Statute of Limitation was pleaded; held, that the issuance and service of the first summons constituted a commencement of the action and that while the service was irregular and was properly quashed in the court below, the effect was not jurisdictional, and that the subse-

quent proceedings related back to the original proceedings. (Followed in Armstrong v. Grant, 7 Kan. 286.) Service after the return is an irregularity and not jurisdictional. (Ballinger v. Roberts (Tex.), 148 S. W. 841.) The Ohio case in principle controls the present proceedings. (Worster v. Oliver, 4 Ia. 345.) A return day fixed on the second Monday instead of the first of the term is a mere irregularity and not jurisdictional. (Sweatman v. Dean, 86 Miss. 641, 38 So. 231.) Ten days' notice where statute required twenty, not jurisdictional. (Griffin v. McGavin, 117 Mich. 372, 75 N. W. 1061.) Service less than the required number of days, is not ground for collateral impeachment of judgment. (Ballinger v. Tarbell, 16 Ia. 491. See also Leonard v. Sparks, 117 Mo. 103, 22 S. W. 899.) Entry of judgment on same day as issuance of summons, not jurisdictional. (Friebe v. Elder, 105 N. E. 151.) Returnable within less than the statutory time is neither void nor voidable. (Clough v. McDonald, 18 Kan. 114; Swersberger v. State, 21 Kan. 475.) Alias and pluries writs are substitutes or continuations, and relate back to the original writ. (American Central Ins. Co. v. Haws, 11 Atl. 107; Fire and Marine Ins. Co. v. Vaughan, 14 S. E. 754; St. Louis A. & T. R. Co. v. Shelton, 21 S. W. 876; Fallen v. Ferris, 2 Wyo. 141; Baca v. Anaya, 89 Pac. 314; Steves v. Carson, 40 Pac. 569; Walnut v. Newton, 32 Atl. 317; Dayton v. Lach, 94 U. S. 112.) The rights involved are so important to the parties that we believe the controversy should not be disposed of by the interpretation which may be placed upon the word "therein" in a statute regulating appellate procedure, unless the court finds that there is absolutely no escape from such a conclusion.

*John D. Clark,* for Wyoming Development Company, *contra.*

Counsel has failed to state the final rule to which his argument logically leads, viz., that when summons in error is issued after the adjournment of the term it may, at the option of the plaintiff in error, be made returnable at any

date in the remote future, manifestly an absurd situation for which we find no support by rule or statute, but immersed in so much doubt as to require more convincing argument to sustain it than a reference to rules of grammar or the off-hand opinion of the "man in the street." Section 5111, Comp. Stats. 1910, requires a summons in error if issued in vacation to be made returnable on or before the first day of the ensuing term, yet it is contended that if the summons is issued *before* the adjournment of the term it may be made returnable *after* the first day of the succeeding term; in other words the court is asked to adopt a construction of the statute whereby the Legislature will be declared to have provided that while a summons issued at a very late date in the term must be made returnable within a very short time—on the other hand a summons issued early in the term may be made returnable at any date, no matter how remotely distant. We do not believe that it was so intended by the Legislature. The word "therein" as used in the section or any other sections referred to by counsel affords small assistance in construing the legislative intent. Section 5111 really contains two expressions and the word may refer to either. The rule contended for is at variance with the rule established for filing briefs in this court, in which rule time is computed from the date of filing the petition in error, 105 days in all, and it cannot be supposed that this court intended that a defendant should be required to file his brief before he was served with a summons in error. Yet if the return day of a summons in error may be fixed on a date overlapping the period fixed by the rule, as to briefs, that would be the result. The rule contended for is also inconsistent with various statutes enumerating steps in appellate procedure, all apparently intended to secure an early determination of litigation. Can it be reasonably supposed that the Legislature intended that there should be no limit placed upon time within which a summons in error shall be returnable and thus defeat the purpose of all other statutes for the expedition of litigation. We renew our

contention, which was in fact sustained by the court in its opinion, that irrespective of the form of the summons, a proceeding in error cannot be commenced, unless service is had upon defendant in error within sixty days after the expiration of the year. The rule is derived by analogy from Section 4306, Comp. Stats. 1910, and sustained by Bechthold v. Fisher, 12 O. Cir. C. 559. Of course, Secs. 4305 and 4306 are not made expressly applicable to error proceedings and their provisions are applied by analogy; the sixty-day limitation in 4306 must be controlling, if the sections are followed at all, and it would be illogical to observe them and yet establish a rule directly contrary to their provisions. Our contentions are sustained by the courts of Ohio, Oklahoma and Kansas, where the same sections appear. (Thompson v. Wheeler & Wilson Mfg. Co., 29 Kan. 476, which reviews the Ohio decisions; Wedd v. Gates, 15 Okla. 602, 82 Pac. 808.) Counsel refers to the technical character of the defect existing in the summons. If it is intended to invoke Section 4309, Comp. Stats. 1910, it is enough to say that it applies only to district courts. (Atcherley v. Dickenson, 34 O. St. 537; Clause v. Association, 16 Wyo. 465; Meisse v. McCoy, 17 O. S. 225.) The argument of counsel with reference to void and voidable process as affecting the jurisdiction apparently misconceives the basis of our motion to dismiss. Our contention is that we have not been served at all within the time required by law; we do not contend against defects in the summons; the appellate court is deprived of jurisdiction by force of the statute and not by reason of defects in the summons. In jurisdictions where error proceedings are commenced by filing a petition in error. the court undoubtedly acquires jurisdiction by the filing of the petition and may thereafter control the process and return thereof. Such is not the case in Wyoming. The point is clearly illustrated in Steves v. Corson, 40 Pac. 568, a Colorado decision cited in the opposing brief.

Potter, Chief Justice.

On the petition of plaintiffs in error, a rehearing was granted in this cause upon the motions of the Wyoming Development Company, one of the defendants in error, to quash the service of the summons and dismiss the proceedings in error, and the two motions have again been submitted. It was held by the former opinion that the motions should be sustained and the proceedings in error dismissed as to said defendant in error. (147 Pac. 169.) Upon reconsideration we have reached a different conclusion. The motions raise an important question of practice affecting the appellate jurisdiction of the court, under the statute limiting the time for commencing proceedings in error. Both motions are based on the same ground, viz.: that the service of the summons upon the defendant in error was ineffective to give the court jurisdiction, because not made before or within sixty days after the expiration of the time allowed for commencing the proceedings in error or within sixty days after the date of the summons. The motion to dismiss also states that the summons had not been served within the time or times aforesaid upon any co-defendant in error who is a joint contractor or otherwise united in interest with said defendant in error, and that jurisdiction over the latter had not been otherwise acquired.

The cause was heard and determined in the district court on appeal from an order of the State Board of Control establishing the several priorities of right to the use of the waters of the Big Laramie River and its tributaries. Several of the parties interested in that adjudication appealed the matter to the district court, as permitted by Section 779, Compiled Statutes, 1910, which appeals were consolidated by consent of all the parties and disposed of by a judgment rendered on December 27, 1912. Thereafter, on January 6, 1913, an order was entered overruling several motions for new trial that had been filed, including the motions of the plaintiffs in error herein. Six of the parties to the judgment filed their petitions in error in this court on January 3, 1914, together with a precipe for summons

in error to be made returnable "on a day therein named." On the same day a summons in error naming 188 defendants in error, following the petitions in error in that respect, was issued by the clerk and made returnable on or before the first day of August, 1914. The summons was served upon the Wyoming Development Company on July 22, 1914.

The statute provides, with certain exceptions not here material, that no proceeding to reverse, vacate or modify a judgment or final order shall be commenced unless within one year after the rendition of the judgment, or the making of the final order complained of. (Comp. Stats. 1910, Sec. 5122.) And it is not disputed that in this case the time for commencing the proceeding in error commenced to run at the date of the order overruling the motions for new trial. (See Conradt v. Lepper, 13 Wyo. 99, 78 Pac. 1; 3 Ann. Cas. 627; Toltec Live Stock Co. v. Gillespie, 20 Wyo. 314, 123 Pac. 413; Lobell v. Stock Oil Co., 19 Wyo. 170, 115 Pac. 69.) The statute *does not,* however, *prescribe* what shall constitute the *commencement of such a proceeding* within the meaning of the provision limiting the time therefor. It does provide that the proceeding shall be by petition in error, and that upon the filing thereof a summons shall issue and be served, or publication made, as in the commencement of an action, unless the issue and service of summons be waived, in writing, by the defendant in error or his attorney. (Comp. Stat. 1910, Secs. 5111, 5112.) And it requires that the summons shall be issued by the clerk of the court in which the petition in error is filed, upon the written precipe of the plaintiff in error, or his attorney (Sec. 5112); and that "if issued in vacation, it shall be returnable on or before the first day of the term of the court, and if issued in term time, it shall be returnable on a day therein named." (Sec. 5111.)

Considering these provisions and the failure of the statute to specially designate what shall be necessary or sufficient to commence a proceeding in error within the meaning of the provision limiting the time for its commence-

ment, it has been held by this court, following the Ohio decisions on the subject, from which state our code was taken, that certain provisions of the code relating to the commencement of civil actions and prescribing a rule for determining whether or not an action has been commenced within the meaning of the general statute of limitations found in the code, are applicable, by analogy, to proceedings in error. (Caldwell v. State, 12 Wyo. 206, 74 Pac. 496; Lobell v. Stock Oil Co., 19 Wyo. 170, 115 Pac. 69.) It is provided generally that a civil action "must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon." (Comp. Stat., Sec. 4351.) That the plaintiff shall also file with the clerk of the court a precipe, stating therein the names of the parties to the action, and demanding that a summons issue. (Id., Sec. 4352.) And in the chapter containing the provisions limiting the time for bringing actions it is provided as follows:

"Sec. 4305. An action shall be deemed commenced, within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him, or on a co-defendant who is a joint contractor, or otherwise united in interest with him; and when service by publication is proper, the action shall be deemed commenced at the date of the first publication, if the publication be regularly made."

"Sec. 4306. An attempt to commence an action shall be deemed equivalent to the commencement thereof within the meaning of this chapter, when the party diligently endeavors to procure a service; but such attempt must be followed by service within sixty days."

Applying these provisions, we have held that a proceeding in error is not commenced by the mere filing of a petition in error without causing a summons in error to be issued, where the issuance and service of summons have not been waived. (Foree v. State, 14 Wyo. 296, 83 Pac. 596; Lobell v. Stock Oil Co., *supra;* Federal Oil and Development Co. v. Petroleum &c., 19 Wyo. 254, 115 Pac. 1135.)

In Ohio, as well as in the other states where the same code has been adopted, it is held that where a petition in error has been filed and a summons issued within the time allowed for commencing the proceedings, it is not essential that the summons shall also be served within such time. (McDonald v. Ketchum, 53 O. St. 519, 42 N. E. 322; Ross, Sheriff, v. Willet, 54 O. St. 150, 42 N. E. 697; Rogers v. Redick, 10 Neb. 332, 6 N. W. 413; Thompson v. Wheeler & Wilson Mfg. Co., 29 Kan. 478; Kilgore v. Yarnell, 24 Okl. 525, 103 Pac. 698; School Dist. v. Fisher, 23 Okl. 9, 99 Pac. 646.) In McDonald v. Ketchum, *supra,* it was held by the Supreme Court of Ohio that a proceeding in error is commenced in time when the petition is filed and summons issued within the period limited by the statute for the commencement of such proceeding, though the service of the summons be not made until after the expiration of that period, the service being made within the return day of the writ. In the Nebraska case of Rogers v. Redick, *supra,* it was said in the opinion: "When the summons is properly issued within the year it may be served after the expiration thereof, it being made returnable on the first day of the term, if issued in vacation; or if issued in term time, on a day therein named." In that case it appeared that the summons had not been issued within the year, and it was therefore held that the court had acquired no jurisdiction by its service upon the defendants.

In a previous Ohio case (Bowen v. Bowen, 36 O. St. 312) there were expressions in the opinion and especially in the syllabus from which, if the facts were not considered, it might be inferred that the court intended to hold that the issuance of the summons within the time allowed for bringing the proceeding was not alone sufficient, but that a service of the summons within such time was also essential to jurisdiction, but in that case, although the petition had been filed in time, no summons had been either issued or served, nor the appearance of the defendants in error otherwise effected within the period of limitation, and, referring to the case, it was said in the opinion in McDon-

ald v. Ketchum, *supra,* after stating that the service of a
summons issued within the time allowed might be made
after the expiration of such time: "It has been suggested
that a different holding was made in Bowen v. Bowen,
*supra.* It is true, that standing alone, the language of the
syllabus in that case is broad enough to warrant that sug-
gestion, but when read in connection with the facts of that
case, as it should be, it is apparent that it was not the in-
tention of the court to so hold. It certainly was not neces-
sary to the decision of the case, for the record of that case
shows that no summons was issued until after the expira-
tion of the time limited for the commencement of that pro-
ceeding in error. There can be no doubt that the mere
filing of the petition in error, or the filing of the peti-
tion and issuing of summons upon it, within the time
prescribed for the commencement of such a proceeding,
is ineffectual, where no service of the summons is made
upon the defendant in error; but where the petition is
so filed and summons is so issued upon which service
is duly obtained, the proceeding is commenced in proper
time, although the service of the writ be made after the
expiration of the statutory period. The service, when
so made, relates back to the date of the writ, and com-
pletes, as of that date, the commencement of the proceed-
ing." Preceding the language just quoted the court had
said that under the section corresponding to our Section
4305 an action is to be deemed commenced at the date of
the summons which is served on the defendant, or one of
several defendants who are united in interest, "so that, by
analogy, a proceeding in error must be deemed commenced
when the petition in error has been filed, and a summons
issued which, during the life of the writ, is served on the
defendant in error."

Counsel for defendant in error does not contend that to
give the court jurisdiction summons must be served as well
as issued within the time allowed for commencing the pro-
ceeding, but it is contended that the issuance of the sum-
mons must be followed by service within sixty days, if in

the meantime the prescribed period for commencing the action has expired. That contention is based upon Section 4306, above quoted, providing that an attempt to commence an action shall be deemed equivalent to the commencement thereof when the party diligently endeavors to procure a service, and such attempt is followed by service within sixty days. In thus contending, as we shall endeavor to show, there is a failure to properly distinguish the provisions of Section 4306 from those of Section 4305, which fixes the date of a summons that has been served as the date of the commencement of the action, as regards the matter of limitation.

It was not intended by Section 4306 to restrict or in any manner affect the operation or construction of Section 4305. Its only object is to save, under the stated conditions, the rights of a party not protected by Section 4305, because not having obtained service or a service sufficient to give the court jurisdiction. It was said by the Supreme Court of Ohio, referring to the corresponding section in the code of that state, it "would seem to have for its purpose only the helping out of a party who had failed in his first effort to procure service." (Railway Co. v. Bemis, 64 O. St. 26, 36, 59 N. E. 745, 748.) It relates only to the matter of service. (McLarren v. Myers, 87 O. St. 88, 100 N. E. 121.) And it was clearly intended to extend the time for service, where the party has failed to bring his case within the operation of the preceding section, and not to limit the time for serving an original summons. It refers to an "attempt" to commence an action, in other words, an unsuccessful effort to commence, and can have no application to an action which has been commenced through a good and sufficient service of a summons issued in proper time. Where a summons in proper form is issued within the time limited for commencing the action or proceeding, and it is served in the manner and within the time prescribed by law for serving a summons, then Section 4305 applies, and there is no room for the application of Section 4306. The same thought was expressed by this court in the case of

Clause, Admr., v. Savings Asso'n., 16 Wyo. 450, 95 Pac. 54, where a different question was involved, but the section now 4306 had been cited by counsel, and it was said: "The question is not affected, in our opinion, by Section 3462 making an attempt to commence an action followed by service within sixty days equivalent to the commencement thereof, for here service was obtained upon the summons issued." When there has been a due service of an original summons, sufficient under other circumstances, the action will have been actually commenced in time, if the summons was issued within the time limited for commencing the same. The "attempt" by filing the petition and summons will have succeeded; such acts cannot then be classed or considered as constituting a mere attempt to commence the action or proceeding. Another section of the code (Sec. 4359) provides that summons may be served at any time before the return day, and prescribes, generally, the manner of service; and, as above indicated, Section 4305 must be understood as referring to a good service of a summons under the law regulating the time and manner of the service. Therefore, a service at any time before the return day, if the summons be made properly returnable, would be a good service as to time, and, as held in the Ohio case of McDonald v. Ketchum, *supra,* relate back to the date of the summons, and complete the commencement of the action as of that date.

That the purpose of Section 4306 was to save the rights of a party by extending the time for service, and not to restrict the operation or effect of Section 4305 is also shown by reference to the provisions of the statute prescribing generally when a summons issued in a civil action shall be made returnable. When the code containing these several provisions was adopted, it was provided that when the time for bringing parties into court is not otherwise prescribed by statute, the summons shall be made returnable on the second Monday after its date, except that when issued to any other county it may be made returnable at the option of the party having it issued on the third or

fourth Monday after its date. (Comp. Stat. 1910, Sec. 4356.) By Chapter 82, Laws of 1915, the section was amended so as to permit a summons issued to another county to be made returnable on the second, third or fourth Monday after its date. Thus, ordinarily, the time for serving an original summons would be much less than sixty days. The statute also provides for the issuing of alias writs until the defendant is summoned. (Comp. Stat. 1910, Sec. 4357.) There can therefore be but little difficulty in applying the provisions of the two sections, 4305 and 4306, to ordinary civil actions. They only become confusing when their application to proceedings in error is proper or necessary. In applying their provisions to such a proceeding it must be remembered that the sections do not directly refer or apply to proceedings in error, and are so applied only by analogy. (Robinson v. Orr, 16 O. St. 285; Buckingham v. Commercial Bank, 21 O. St. 131; Thompson v. Wheeler & Wilson Mfg. Co., 29 Kan. 476.) In Robinson v. Orr, *supra,* the court said that the expression "as in the commencement of an action" found in the section providing that proceedings in error shall be commenced by filing a petition and that summons shall be issued and served, etc., "is clearly indicative of a distinction between proceedings in review of a prior judgment, and the general action of the code," and the provisions aforesaid as to the commencement of civil actions were held to govern by analogy. And in the Kansas case cited the court said: "It should probably, however, not be held that Section 20 of the civil code actually governs with reference to the commencement of proceedings in error, for it only purports to apply to the commencement of ordinary actions in the district court, and only with reference to the ordinary statute of limitations. It is only by analogy that Section 20 is applicable to proceedings in error."

Now the return day of a summons in a proceeding in error is specially provided for. If issued in vacation it must be returnable on the first day of the term of the court; and if issued in term time, it is to be made returnable on a day

therein named.  (Comp. Stat. 1910, Sec. 5111.)  Thus it is possible that the return day, whether the summons be issued in term time or in vacation, may be longer than sixty days after the issuance of the summons, and imperatively so when issued in vacation, if issued more than sixty days prior to the first day of the next term of court.  Considering alone the matter of service, such a summons may unquestionably be properly served at any time before the return day; and this was no doubt the theory upon which the case of McDonald v. Ketchum, *supra,* was decided by the Ohio Supreme Court, holding that a service within the return day is sufficient to commence the proceeding as of the date of the summons.  When so served, then so far as the time of service is concerned, the service is good and sufficient, and, under Section 4305 when applied to proceedings in error, the proceeding will have been commenced at the date of the summons, within the meaning of the statute limiting the time for commencing the same.  That is the clear intent and effect of the language employed in the section.  If the limitation period has or has not expired between the date of the summons and such service, the proceeding will have been actually commenced by the filing of the petition, issuing and service of summons; the result will not be merely an attempt to commence the proceeding.  If we are correct in saying that Section 4306 was intended to extend the time for commencing an action, under the conditions stated, and not to restrict the operation of Section 4305, then there would seem to be no reason for construing it as intended to limit the effect of the preceding section when applied by analogy to proceedings in error.

But by the construction here contended for by counsel for defendant in error Section 4306 would be made to qualify Section 4305, so as to cause it to read in effect that an action shall be deemed to be commenced at the date of the summons served, etc., provided that the summons shall be served within sixty days; and if the requirement as to service within sixty days should be held to modify Section 4305, then, by the same reasoning, the other provision of

Section 4306 requiring a diligent endeavor to procure service would also modify it, and by these modifications the section would be limited to cases where it appeared not only that service had been made within sixty days, but that there had been a diligent endeavor to procure service. We perceive no reasonable ground for thus construing the statute. Neither of the sections contain any language requiring the service of the original summons if issued in time to be made within sixty days. That provision as to time of service in Section 4306 expressly refers only to an attempt to commence an action. While the issuance of summons may, perhaps, be properly said to be merely an attempt to commence an action before a service thereof, we are convinced that when properly served it can no longer be referred to, with reason, as an attempt, so as to render it subject to the conditions expressed in Section 4306.

But counsel cites and strongly relies upon the case of Bechthold v. Fisher, 12 O. C. C. Rep. 559. In that case, which came to the circuit court on error, the limitation period expired September 27, 1896, and the summons was made returnable October 20, 1896; that being the first day of the next term. It was served on September 28, 1896. A motion to quash the service was sustained on the ground that it was not made within sixty days after the date of the summons; the court holding that the section, which requires a service within sixty days to render an attempt to commence equivalent to the commencement of an action, applied. The case sustains counsel's contention, and the opinion goes even further than counsel does, for it seems to hold that even if the service had occurred within the limitation period, but more than sixty days after the date of the summons, the proceeding would not be commenced in time. At least we do not understand counsel to so contend, and clearly it is not the law, where the service is so made and within the return day properly stated in the summons. In the case cited, the court expressly held that the section aforesaid relating to an attempt to commence an action fixed the time within which service can properly be made to allow, under

the preceding section, an action to be deemed commenced at the date of the summons served. The case is not controlling as authority even in Ohio, for it was decided by one of the several circuit courts in the state, and not a court of last resort. It was referred to in the former opinion in this cause as in point on the question we are now considering, but without much discussion or a full consideration of the question the motions were disposed of on the ground, as we now think erroneously, that the summons which was issued in term time, was illegally made returnable on a day beyond the possible life of the term and did not authorize a service at the time it was made. Hence the case referred to was not given the critical examination which we now deem necessary before its acceptance as even persuasive authority.

The effect of the case as authority is much lessened by the failure of the opinion to mention the case of McDonald v. Ketchum, *supra,* decided about a year earlier by the Supreme Court, an oversight explainable only on the theory that the court was not aware of that decision, for it is so clearly in point on the question as to require that the case then being determined be either distinguished, if possible, or decided differently; the Supreme Court having unequivocally held in the case aforesaid that a proceeding in error is to be deemed commenced at the date of a summons issued within the limitation period and served any time before the return day. There are other indications in the opinion of a lack of careful and thorough consideration. It is stated that the question was not a new one, but had been noticed by the Supreme Court a number of times, notably in the case of Bowen v. Bowen, 36 O. St. 312. Yet, after a most painstaking investigation, we have failed to find any case decided by the Supreme Court, which involved the same question, or like facts, and counsel have cited none, except the above mentioned case of McDonald v. Ketchum. There had been no summons issued or served in the Bowen case, as pointed out in the opinion in McDonald v. Ketchum.

Again, it is declared in the opinion in the Bechthold-Fisher case that the code provisions relating to the com-

mencement of civil actions have "direct application" to proceedings in error, a statement not borne out by the authorities, but contrary thereto as well as the plain reading of the said statutory provisions. These considerations would lead us to hesitate, with all due respect for the court, before accepting the case as an authoritative statement of the law on the facts. But we regard it as in conflict with McDonald v. Ketchum, which case must be taken as the controlling authority on the question in Ohio; and, aside from the conviction that we ought to accept and follow the conclusion announced in that case, having followed the previous decisions of the same court construing and applying the several code provisions here involved, we thoroughly agree with such conclusion. In stating the rule as plainly as it is laid down in the opinion in the case, the court, although then construing the section of their statute corresponding to and containing the provisions of our Section 4305, could not have been unmindful of the next succeeding section containing the saving provisions aforesaid, but must have considered the same inapplicable to a case actually commenced by the service before the return day of a summons issued within the allowed time for commencing the proceeding. Nor can it be supposed that the court overlooked the possibility that the period between the date and return day of the summons in error might exceed sixty days, especially if issued in vacation, since the statute prescribed but one regular term of the Supreme Court each year, though with power conferred to hold special or adjourned terms, and but two terms of the circuit court in each county. (Bates Ohio Anno. Stat., 3rd Ed., Secs. 410, 450, 454b.)

When the several code provisions in question were adopted here, only one term of the Supreme Court annually was provided for; that situation continuing without change until the taking effect in 1890 of the State Constitution requiring the holding of two regular terms each year. And the records of the court disclose that it was not unusual, under the territorial form of government, for the vacation period to cover several months—in occasional instances, six or

eight months.  Since, under such conditions, a summons in error issued in vacation would be returnable, as required by statute, on or before the first day of the next term, allowing more than sixty days to intervene, and might ordinarily be properly served any time before such return day, we think the construction of Sections 4305 and 4306 contended for especially unreasonable and unsound, when applied to proceedings in error.  A service before the properly stated return day being good as to time, and unobjectionable in itself if made in the manner required, the case would necessarily be brought within the plain provision of the statute fixing the date of the summons served as the date on which the action shall be deemed to have been commenced.

Our attention is called to the Oklahoma cases referring to like statutory provisions, some of them stating in effect that service must be made within sixty days, where it is not made before the expiration of the time allowed for commencing the proceeding.  But in none of the cases was the court considering a condition like that in the case at bar.  On the contrary, it appeared either that no summons had issued in proper time, or had not been served, or the court's statement as to the necessity of service within sixty days had reference to an alias summons, and not the service within the return day of an original summons issued in proper time.  In Wedd v. Gates, 15 Okla. 602, 82 Pac. 808, one of the defendants in error was not served with summons, and he moved to dismiss the appeal, because not taken in time, as to him.  The decision in this case is referred to and its effect limited in the later case of Bank v. Clingan, 26 Okla. 150, 109 Pac. 69.  In School Dist. v. Fisher, 23 Okla. 9, 99 Pac. 646, it appeared that summons in error had been issued in due time, and served during the same month, but the service was quashed on motion, for some defect not stated; an alias summons was thereupon issued and served, but it was issued after the period for bringing the error proceeding had expired.  The case clearly presented a situation where there had been an unsuccessful attempt to commence the proceeding, and because the service had not

occurred within sixty days, a motion to quash the summons and service was sustained. But the court significantly said: "In the case at bar, the alias summons was not issued within the statutory period of one year, nor was it served within 60 days after the issuance of the first summons." In Durant v. Munford, 38 Okla. 552, 134 Pac. 50, it did not appear that there had been any service of summons on the defendant in error. Substantially the same situation was presented in the case of *In re.* Herod's Est., 40 Okla. 288, 137 Pac. 1174. In Kilgore v. Yarnell, 24 Okla. 525, 103 Pac. 698, the proceeding was for the review of an order made on April 18, 1907, and the petition in error and case made was filed April 7, 1908, within the one-year period allowed to bring the error proceeding. A summons was issued the same day, and a service made on one as administratrix April 16, 1908. It being ascertained that said service was not made in the required manner, an alias summons was caused to be issued May 4, 1908, and it was served on May 7, 1908, the thirty-first day after the issuance of the original summons. Clearly the facts called for the application of the section saving the rights of a party, where there has been an attempt to commence the action or proceeding. It was so held and that the proceeding was commenced in time if the service was otherwise proper and sufficient.

In that state, however, in line with and following the Ohio and Kansas decisions on the subject, it is held that where the proceeding is commenced by the filing of the petition and other necessary papers and the issuance of summons within the time limited, which summons is properly served on one of the necessary parties, it is not required that the other party or parties who are united in interest with the one so served shall be served with summons within sixty days; thereby denying the application to such a case of the provision with reference to an attempt to commence an action and requiring a diligent endeavor to procure service and the making of service within sixty days. (First State Bank v. Clingen, 26 Okla. 150, 109 Pac. 69;

Dr. Kock Veg. Tea Co. v. Davis, 145 Pac. 337; Barber
Asphalt Pav. Co. v. Botsford, 50 Kan. 331, 31 Pac. 1106;
Snider's Ex'rs. v. Young, 72 O. St. 494, 74 N. E. 822.)
The precise question involved in the case of Dr. Koch Veg.
Tea Co. v. Davis was whether a necessary party defendant
in error could be properly summoned, more than sixty days
having elapsed after the time allowed for bringing proceed-
ings in error.  The court held that the sixty-day limitation
did not apply, it appearing that the petition and case made
had been filed within the time allowed, and service of sum-
mons waived by one of the necessary defendants in error.
The opinion contains a discussion of the application of the
sixty-day provision, to show the distinction between that
provision and the preceding provision that an action shall
be deemed commenced at the date of the summons served.
In the course of the discussion the court referred to and
distinguished the two cases above cited of School Dist. v.
Fisher and First State Bank v. Clingan.  After stating the
facts and conclusion in the Fisher case, the opinion pro-
ceeds:

"A line of cases, of which the above case is perhaps the
leading one, is relied on by defendants in error to sustain
their contention that, more than 60 days having elapsed after
the time allowed for filing the appeal, the proceeding has
not been commenced as to Davis, and is therefore now
barred.  But the case of First State Bank v. Clingan, 26
Okla. 150, 109 Pac. 69, is cited by plaintiff in error as de-
structive of the contention mentioned.  The Clingan case
reasserts the rule that the general statute as to commence-
ment of actions, *supra*, is applicable in this court by analogy,
and refused to dismiss that case on May 10, 1910, when it
had been filed in this court November 29, 1909, the last day
allowed by law for filing, although one of the necessary par-
ties had not been brought into this court at the time the
opinion was written.  Therefore, under the facts in the
Clingan case, it is obvious that the sixty-day clause of the
statute was not considered applicable.  Were we to stop
with what has been said, it would appear that the Fisher

case and the Clingan case are in conflict. Not so. They are both right under their facts and the law applicable. In the Fisher case, it will be remembered, there was no service on any one. One had been attempted, but it was void. There being then no service on any defendant, the second clause of the statute involved was resorted to. That clause deals with a situation where no service has been had within the time allowed for bringing the appeal, but where an attempt in good faith has been promptly made. * * * * To sum up the matter, the Clingan case was one where all that was necessary to be done had been done to commence the proceedings, under the terms of the statute. * * * * In the Fisher case, *supra,* under the second clause of the statute, what was done was merely *an attempt* to commence the proceedings, and in such cases the attempt must be completed in the manner pointed out within sixty days or not at all. * * * * The distinction we have attempted to show here between the effect of the two clauses of our statute has not been clearly pointed out in any of the decisions, but it has been applied; for in the Botsford (Kansas) case the court refused to dismiss, although a necessary party had not been brought into court when the opinion was written, which was five months after the time allowed for filing in the Supreme Court had expired. The Ohio courts also applied the distinction without specially discussing it."

Whether or not the court thought it necessary that the original summons be served as well as issued within the limitation period to avoid the application of the clause requiring service in sixty days is not clear from the opinion. But it is clear that it was intended to hold such clause to be inapplicable when, under the preceding clause, the service has been sufficient to commence the proceeding in proper time. Thus the case makes the distinction between the two provisions which we have here endeavored to show. The distinction is recognized in Ohio. (See Ross v. Willet, 54 O. St. 150, 42 N. E. 697; B. & O. R. Co. v. Ambach, 55 O. St. 553, 45 N. E. 719; McLarren v. Myers, 87 O. St. 88, 100 N. E. 121; Snider's Ex'rs. v. Young, 72

O. St. 494, 74 N. E. 822; McDonald v. Ketchum, 53 O. St. 519, 42 N. E. 322.) And under the rule adopted in that state, which we think should be accepted and followed, that an original summons issued within the time limited for bringing the proceeding may be served after that time so as to save the bar of the statute, there is no reason, where there has been such a service, for applying the provision as to service within sixty days, for the rule is based upon the other provision requiring an action to be deemed commenced at the date of the summons served. The very purpose of the latter provision is to fix the date of the summons instead of the service as the time of the commencement of the action. Although the former provision—that relating to an attempt to commence an action, was omitted from the Nebraska code, it is held in that state, as in Ohio, that a summons issued within the time limited may be served after such time has expired. (Rogers v. Redick, 10 Neb. 332, 6 N. W. 413; Baker v. Sloss, 13 Neb. 230, 13 N. W. 212.) In a case decided by the superior court of Cincinnati in 1899 (Bemis v. Pittsburg &c. Ry Co., 7 O. N. P. Rep. 515), speaking of Section 4991 of the Ohio statutes, which allows a new action to be brought within one year where an action commenced, "or attempted to be commenced," in due time fails otherwise than on the merits, the court said: "The very phrase, 'attempted to be commenced,' imports something less than the actual commencement of the suit; it implies an effort or endeavor to have the action commenced, which failed of ultimate accomplishment."

Counsel also calls attention to the following statement in the opinion in the Kansas case of Thompson v. Wheeler & Wilson Mfg. Co., *supra:* "Where a bona fide attempt to commence a proceeding in error is made by filing a petition in error and case made, as was done in the present case, and having summons issued thereon, such act should be deemed equivalent to the commencement of such proceeding in error: provided, of course, that the plaintiff in error should faithfully, properly and diligently follow up his at-

tempt by obtaining service upon the defendant in error within sixty days after the filing of the petition." In that case it appeared that the service of the original summons was defective, not as to time, but because not made in a proper manner, and upon ascertaining that fact, after the expiration of the time limited for commencing the proceeding, an alias summons was issued and served within sixty days after the date of the first summons. It was admitted the first service was not good, and the court was, therefore, required to consider only the saving provisions of the statute, which it held to apply by analogy. The remarks above quoted had reference only to a mere attempt to commence—an attempt that had been unsuccessful, for the original summons stood as though not served at all. The court is not to be understood as construing the preceding provision. Indeed, in the later case of Barber Asphalt Pav. Co. v. Botsford, *supra,* it is shown that such provision, declaring that an action shall be deemed commenced at the date of the summons served, was not considered in the Thompson case.

We hold, therefore, that the provision for service within sixty days is not applicable upon the facts in this case, if the summons was otherwise served in proper time; and unless the summons was illegally made returnable at the time therein stated, it was served in proper time, for the service occurred before the return day; and the sufficiency of the service in other respects is not challenged.

In disposing of the case at the former hearing we held that a summons in error issued in term time, as this summons was, could not legally be made returnable beyond the possible life of the term, and that the service after the legal life of the writ was void. That view of the matter we are now convinced was erroneous. We were misled by a statement in Nash's Pleading and Practice, quoted in the former opinion, into construing the words of the statute requiring that the summons, if issued in term time, "shall be returnable on a day therein named," to mean that a summons so issued shall be returnable on a named day in the term. And

since it was evident that it might be impossible for a party
or the clerk to know when the term would close by final
adjournment, it was found necessary for the reasonable
operation of the statute as so construed to hold that it
would be complied with by making a summons issued in
term time returnable on some day during the "possible
life" of the term, as limited by statute. The difficulty in
complying with the statute, when construed as requiring a
day in the term to be designated for the return of the sum-
mons, was considered as suggesting possible error in the
construction we felt constrained to adopt, but not suf-
ficient to overcome the effect of what then seemed to be
the fair meaning of the somewhat confusing language of
the statute. The point as to the legality of the return day
had not been suggested by the briefs or argument, but
counsel for defendant in error now urges several reasons
in favor of the conclusion in that respect stated in the
former opinion, without, however, resting his case upon it,
but more strongly insisting upon the necessity of service
within sixty days if not obtained before the time for com-
mencing the proceeding expires.

We have been unable to find anything in the cases in
Ohio, or the other states having like code provisions, con-
struing or applying the statute as to the return day of a
summons in error to sustain the view stated in the former
opinion. The only judicial expression with reference to
the matter is found in a case decided by one of the circuit
courts of Ohio. In Morris v. B. & O. R. Co., 18 O. C. C.
Rep. 167, decided in 1911, it appeared that a summons
in error was issued in term time and made returnable "on
or before the first day of the next term of said circuit
court," without specifying the date. The summons was
held not to be fatally defective for that reason. It was
suggested by counsel that the provision of the statute that
a summons issued in term time shall be made returnable
on a day certain, means a day within the term. But the
court said that the position was not tenable, "because

neither the clerk nor the attorney who files the precipe for the issuing of the summons can know when the term will close. He does know, however, whether or not the summons is being issued during the term of court, and clearly the intention of the statute was to have a day certain fixed and that if that day should turn out to be a day within the term, the case might be ready for hearing at that time, and if that day certain should turn out to be a day after the adjournment of the term, the case would not stand for hearing until the next term, but in no event would the day for hearing be later than the next succeeding term, unless it should be that the day certain is later than the beginning of the next term."

Nor is there any indication in the cases of a practice in either of the states aforesaid requiring that the return day of a summons issued in term time shall not run beyond the possible close of the term or the first day of the next term; and the fact that the question does not seem to have been presented in any reported case, except the one above cited, strongly tends to show that no such practice, or construction of the statute requiring it, exists in those states. The practice here has been contrary to such a construction; the rule followed in the clerk's office, heretofore without objection, has been to make a summons issued in term time returnable on a specified day a certain length of time after its date, deemed sufficient to allow service to be made, irrespective of the time when the term must close. We were sufficiently doubtful of our former position on the question to grant the rehearing, and on further reflection are satisfied that the statute is not subject to the interpretation that it confines the return day of a summons issued in term time to a day within the term, or a day before the beginning of the next term. It is now clear to us that the meaning of the statute is that such a summons shall be made returnable on a day named in the summons—the word "therein" referring to the writ and not to the term.

We think that the purpose of the provision is that a day certain shall be stated in the writ, rather than to specify or limit the time within which the summons may be made returnable. It thus leaves the matter of the day to be named for the return of the writ to the reasonable discretion of the officer issuing it, who may, we think, in exercising that discretion, in the absence of a court rule or order, consider the reasonable request or suggestion of counsel, as well as the number of parties to be served, and the place or places where service must be made, and, where the court has not prescribed a rule, the clerk may, no doubt, adopt a reasonable one to be followed in ordinary cases. Unless the period allowed to intervene between the date of the summons and the return day named therein is so clearly unreasonable, under the circumstances of a particular case, as to require or justify the quashing of the writ on that ground, service may properly be made any time before such return day; and service so made will relate back to the date of the summons, if issued within the time allowed for bringing the proceeding in error, thereby commencing the proceeding as of said date. Considering the character of this case, and the large number of defendants in error, the summons was not, in our opinion, unreasonably made returnable at the time therein named, especially in view of the requirement as to the return day of a summons issued in vacation, for in such case the summons must be made returnable on the first day of the next term, irrespective of the length of the intervening period, and when the several statutory provisions here involved were enacted, and for many years thereafter, but one term of the Supreme Court was provided for, allowing vacation periods equaling or exceeding the time permitted for serving the summons in this case.

We have not considered the fact that the summons was served on one of the defendants in error on January 6, 1914, for it has not been suggested that the one so served is, within the meaning of Section 4305, united in interest with the objecting defendant in error.

For the reasons above explained, the motions to quash service and dismiss the proceeding must be overruled, and it will be so ordered.

Scott, J., concurs.

Beard, J., dissents.

Beard, Justice (dissenting).

There is much said in the opinion of the majority with which I find no fault; but must differ from them in the conclusion arrived at. In my opinion there is nothing in Section 5111, Comp. Stat. 1910, authorizing the return day of a summons in error to be later than the first day of the next term, whether it be issued when court is in session or after it has adjourned for the term. I am further of the opinion that service must be procured within sixty days after the expiration of the year allowed by the statute for commencing proceedings in error in order to give the court jurisdiction; and that service within the life of the writ is not sufficient in all cases. Section 5111 provides "if issued in vacation, it shall be returnable on or before the first day of the term of court, and if issued in term time, it shall be returnable on a day therein named; and if the last publication, or service of summons, be made ten days before the end of the term, the case shall stand for hearing at that term." There must have been some reason in the minds of the lawmakers for this difference in the return day. Bearing in mind that the return of the officer indorsed on the writ is but the evidence by which the fact of service and the time thereof is proven, and that a plaintiff is not entitled to have the case tried until he has proven that service has been had on the defendant, it is evident that when a petition in error is filed and summons issued after the court has adjourned for the term, the case cannot be heard before the first day of the next term, and that is as soon as plaintiff is required to produce his proof that the defendant has been duly and timely served. But if the petition is filed and summons issued while the court is in session it may well be that service may be procured in

time to have the case heard at that term, and the statute so provides. I am satisfied that it was intended, by making the return day of a summons issued in term time returnable on a day therein named, to *shorten* and not to *lengthen* the period for the return.

This court holds two regular terms each year, one commencing on the first Monday in April, and the other on the first Monday in October. In the case at bar, the last day for filing the petition in error and causing summons to issue was January 6, 1914. The petition in error was filed January 3, 1914, the summons issued on that day and made returnable August 1, 1914, and was served July 22, 1914. We take notice that the October, 1913, term adjourned for the term March 23, 1914, and that the April term commenced April 6, 1914. Suppose in another case the last day for filing a petition in error and causing summons to issue was April 5, 1914, and it was filed April 2, 1914, and summons issued that day, it being in vacation, the return day could not be later than April 6. If the plaintiff diligently endeavored to secure service by that date, but failed, he could on April 6 (the court then being in session) have an alias summons issued and made returnable August 1, 1914, as in this case; and if served July 22, 1914, the majority opinion concedes—and I think rightly—that service was not in time to give the court jurisdiction because not served within sixty days from the date of the original summons, although within the life of the writ; while they hold that the service in this case of a summons issued three months earlier is good. I am unable to see any substantial reason for making such a distinction. If a summons because issued in term time may be made returnable and served four months after the commencement of the next term, why not fourteen or twenty-four months thereafter?

The case of McDonald v. Ketchum, 53 O. St. 519, 42 N. E. 322, is much relied upon for support by the majority; but the question here was not and could not be involved in that case for the reason that service of the summons was in fact had within sixty days from the date it

was issued as well as within the life of the writ. A reading of that case will clearly show that what was said as to the sufficiency of service within the life of the writ had no reference to the question of the necessity for service within sixty days. In Robinson v. Orr, 16 O. St. 285, in considering the statute in regard to the commencement of civil actions which are applied by analogy to proceedings in error, the court said: "These provisions of the statute are explicit, and clearly require that an original civil action shall not be deemed commenced until jurisdiction is obtained of the defendant, by the service of a summons, or by regular publication, and then, by relation, the action is to be regarded as commenced at the date of the writ of summons first issued, within sixty days preceding, or at the date of the first publication which is regularly made." The statement as to the sixty-day limit is dictum, the same as in the McDonald case, *supra*. In neither of those cases, nor in any other Ohio case cited in the opinion, was the question in this case the one involved, except in Bechthold v. Fisher, 12 O. Cir. Ct. Rep. 559, which accords with my views. In none of the cases cited from other states was the question here presented involved; but the Supreme Court of Oklahoma in several cases has used expressions strongly tending to support the sixty-day limitation. (*In re*. Herod's Estate, 40 Okla. 313, 137 Pac. 1174; Durant v. Munford, 38 Okla. 552, 134 Pac. 50; School District No. 39 v. Fisher, 23 Okla. 9, 99 Pac. 646.) Our own court seems to have inferentially construed the statute, as on March 19, 1895, it adopted the following rule: "Within sixty days after filing his petition in error, the plaintiff in error shall file with the clerk four copies of his brief, and shall also within that period serve upon or mail to the opposite party, or his attorney of record, one other copy of such brief; and within forty-five days after the expiration of said sixty days the defendant in error shall file with the clerk four copies of his brief, and shall also within that period serve upon or mail to the opposite party, or his attorney of record, one other copy of such brief." (4

(Wyo.)   It does not seem logical to require a plaintiff to file and serve his brief before he has brought in the defendant by service of summons upon him; or to require a defendant to do so before the court has acquired jurisdiction of his person by service of a summons.

It is said that the clerk may exercise a reasonable discretion in fixing the return day when issuing summons in term time; and "Unless the period allowed to intervene between the date of the summons and the return day named therein is so clearly unreasonable, under the circumstances of a particular case, as to require or justify the quashing of the writ on that ground, service may properly be made any time before return day."   But suppose the court finds the time unreasonable and quashes the writ on that ground, what is to become of the case, and what becomes of the holding that service is sufficient if made within the life of the writ?   As to the practice in this court, I am informed by the clerk, who has been clerk for more than twelve years last past, that it has been the general practice, until recently, to make the summons returnable thirty days after its date unless that day would fall on Sunday or a holiday, when it was usually made a day later.   When the court is in doubt as to the correct construction of a statute, it should give to it such a construction, if reasonable, as will render its operation uniform in all cases of the same kind and class, and will afford to litigants equal protection of the law. With due respect for the opinions of my brethren, I am constrained to dissent.